MODERN WOODMEN OF AMERICA V. ASA COLMAN ET AL.[*]

FILED APRIL 22, 1903. No. 11,294.

1. **Fraternal Insurance Association.** A benevolent association which issues benefit certificates to its members, payable from a fund maintained by assessments upon the certificate holders, is, in effect, a mutual life insurance company, and is governed by the general rules of law applicable to such companies. *Supreme Lodge Knights of Honor v. Davis*, 26 Colo. 252.

2. **Waiver of Forfeiture.** A forfeiture incurred by the holder of a life insurance policy or contract is waived, if the company, with knowledge of the facts, subsequently collects premiums, dues or assessments on acount of the contract, and retains them without objection until after the death of the insured.

3. **Duty of Agent to Principal.** It is the duty of an agent to make known to his principal all facts concerning the service in which he is engaged that come to his knowledge in course of his employment, and this duty he is, in a subsequent action between his principal and a third person, conclusively presumed to have performed. This is the foundation of the rule, necessary to the public safety, that notice to an agent in the course of his employment is notice to his principal.

REHEARING of case reported in 64 Neb. 162.

ERROR to the district court for Cass county: BASIL S. RAMSEY, DISTRICT JUDGE. *Reaffirmed.*

*J. W. White, C. A. Atkinson, Jesse L. Root, J. G. Johnson* and *Thomas S. Allen,* for plaintiff in error.

*Samuel M. Chapman* and *Mathew Gering, contra.*

AMES, C.

This cause is resubmitted after the allowance of a motion for a rehearing. A statement of the facts will be found in the former decision, published in 64 Neb. 162. The employment in which the deceased was engaged at the time of his death was not prohibited by his contract of insurance, but it was stipulated that if he should engage

---

[*] Rehearing denied. See opinion, p. 665, *post.*

therein he should forfeit his beneficiary interest unless he should file with the head clerk of the order a written waiver of any liability by it for loss by death as the direct result of such occupation.   He did not file such a document, but the clerk of the local camp, through an assistant, continued to collect the monthly assessments or dues, and to remit them to the head clerk, with full knowledge of the circumstances, for a period of three months, and until the death of the insured.   Correctly speaking, the question is not whether the association by this conduct of its agent waived a forfeiture, but whether it waived the waiver required of the insured.   In support of its contention that it did not do so the plaintiff in error, upon the reargument, relies principally upon three decisions.   The first of these is the opinion of the United States court of appeals for this circuit, filed after reargument, in *Modern Woodmen of America v. Tevis*, 117 Fed. 369, on August 28, 1902.   From the statement of facts contained in that opinion it does not appear to be in point in this controversy. As we gather from that statement, the contract provided for a suspension of the obligations of the company when and so long as the insured should be and remain delinquent of an assessment which had fallen due on the first day of the month of August, on the 10th day of which he died.   He had also defaulted for one day in the payment of an assesment which came due on the first day of the preceding June, and the contract provided that in such case he should not be reinstated without furnishing a written warranty that he was in good health.   He did not furnish the warranty, but the local clerk accepted and remitted his June assessment, and it was contended that in consequence thereof the warranty was waived, and the insured reinstated.   The court decided against this contention, but how the question became material is not explained and we are unable to understand.   If a reinstatement had been effected in June, still the deceased would have been at the time of his death under suspension for delinquency of the August assessment.   It could not have

been successfully urged that a formal reinstatement after one forfeiture or suspension, or a waiver of it, would operate as a waiver of a suspension subsequently incurred; and besides, a reinstatement after suspension would have amounted substantially to a new contract of insurance based upon the warranty of good health. The contract of insurance was already abrogated and it could not have been renewed by any act of the insured alone. The warranty, if it had been made, would not have restored the obligation of the contract if it had been intentionally untruthful—a matter into which the officers of the company would have had a right to inquire. But in the case at bar Colman could have continued his contract in force by an act of his own volition, and without the concurrence of the other party thereto. The *Tevis* case, as it is described in the opinion cited, does not appear to us to be in any respect analogous to that now under discussion. But if it is so, it is in conflict with principles which have for many years been enforced by this court, and it therefore ought not to be regarded as an authority here.

The decision next relied upon is that of this court in *Field v. National Council of K. & L. of S.,* 64 Neb. 226. In that case the deceased had at the time of her death been delinquent for more than a year of six monthly assessments and of quarterly dues, and had been stricken from the roll of membership, of all of which facts she had full knowledge, but had made no attempt at reinstatement, either by discharging her delinquencies or otherwise. The sole claim in support of the plea of waiver was that through her husband she had made an oral agreement with the secretary of the local body that she should have an extension of time in which to make her payments, without affecting her standing or membership. It can not be said that the case resembles this in any particular.

The decision next relied upon is by this court in *Royal Highlanders v. Scovill,* 66 Neb. 213. In that case the contract provided that in case of delinquency the beneficiary certificate should be forfeited and should not be reinstated

without full payment, nor unless the holder should be at the time in good health. The deceased was critically ill of a disease of which she shortly afterward died. She was in default of an assessment, which her husband paid to the clerk of the local body, who received it in ignorance of the illness. It was held that the payment was not made in good faith, but fraudulently, and was therefore ineffectual. The case does not appear to resemble the one at bar.

Finally it is earnestly insisted that inasmuch as the plaintiff in error is a mutual benevolent association, it should not be held to the same strict rules as respects forfeitures and the waiver of them as are applicable between regular insurance companies and their policy holders. This consideration would appeal to us with greater force if these principles of mutuality and benevolence more frequently survived the holders of certificates, and were uniformly regarded by the associations as being applicable to, and as including, the persons named as beneficiaries. A charitable organization which collects its funds with avidity, but is astute in finding excuses for not bestowing them upon the designated objects of its bounty, is not entitled to any exclusive or especial consideration at the hands of the court. The enormous volume of litigation with which associations of this kind have flooded the country and the extremely technical character of their defenses, in many cases, to actions upon their beneficiary certificates are a sufficient commentary upon an appeal for tender consideration by the judiciary. We agree, rather, with the opinion in *Supreme Lodge Knights of Honor v. Davis,* 26 Colo. 252, that "a benevolent association which issues benefit certificates to its members payable from a fund maintained by assessments upon the certificate holders, is, in effect, a mutual life insurance company, and is governed by the general rules of law applicable to such companies."

The certificate held by Colman was not void, but voidable. It was optional with him to continue it in force by filing a written waiver, and it was optional with the as-

sociation so to continue it without such waiver. He was not delinquent of dues or assessments, or otherwise liable to suspension. The association acted through its agents, and being a corporation, it could not act by other means. It demanded, received and retained his assessments with full knowledge of all the circumstances until after his death. It can not be supposed that it intended to take and keep his money without consideration. The knowledge of its agent, authorized to make the collection, was the knowledge of the company of all the circumstances under which the payments were made. This is not the same as saying that the agent waived the forfeiture. It was waived by the association by taking and retaining the money of the insured with notice of all the facts within the knowledge of its agent. It is the duty of an agent to communicate to his principal all the facts concerning the service in which he is engaged that come to his knowledge in the course of his employment, and this duty, in a subsequent action between his principal and a third person, he is, with exceptions not necessary to be here noted, conclusively presumed to have performed. This is the foundation of the doctrine, necessary to the public safety, that notice to an agent is notice to his principal. Mechem, Agency, pars. 719, 720; Bradley, J., in *The Distilled Spirits,* 11 Wall. (U. S.) 367.

Such is the rule with respect to other like agencies, and we can see no reason why it is not applicable in this case. To hold otherwise would, we think, be to put certificate holders to a great disadvantage, and to do them a grave injustice. If the plaintiff in error was a regular insurance company, there can be no doubt that under the repeated decisions of this court it would be held bound. *Modern Woodmen of America v. Lane,* 62 Neb. 89; *Home Fire Ins. Co. v. Kuhlman,* 58 Neb. 488; *Nebraska & Iowa Ins. Co. v. Christiensen,* 29 Neb. 572; *Phœnix Ins. Co. v. Lansing,* 15 Neb. 494; *Phenix Ins. Co. v. Covey,* 41 Neb. 724; *Home Fire Ins. Co. v. Hammang,* 44 Neb. 566; *Mee v. Bankers' Life Ass'n* of Minnesota, 69 Minn. 210.

The foregoing by no means exhausts the list of authorities enforcing these principles by this and other courts, and we can see no reason why an exception should be made in favor of beneficiary associations.

It is recommended that the former decision of this court be adhered to and the judgment of the district court affirmed.

DUFFIE, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the former decision of this court be adhered to and the judgment of the district court

AFFIRMED.

On motion for rehearing the following opinion was filed July 3, 1903. *Rehearing denied:*

**Opinions Prepared by Commissioners.** Where opinions are prepared by commissioners, they must be permitted, necessarily, to state their reasons in their own way, without binding the court to all that is said *arguendo*, even though it concurs in the conclusions of law and express findings of fact. *Williams v. Miles, ante,* p. 479.

HOLCOMB, J.

In this application for a rehearing by the plaintiff in error, some objections are presented to the opinion last filed, in which a former judgment of affirmance was adhered to. *Modern Woodmen of America v. Colman, ante,* p. 660. Most of the propositions urged as grounds for granting a rehearing have, we think, been fully discussed and correctly disposed of in the opinion last filed. While it is urged that the opinion in the case at bar is in conflict with the principles controlling in the cases of *Field v. National Council of K. & L. of S.*, 64 Neb. 226, and *Royal Highlanders v. Scovill,* 66 Neb. 213, we entertain the view, as pointed out in the opinion in this case, that the cases referred to are readily distinguishable and that there

exists no inconsistency or conflict of a substantial character between these several cases. Upon the main points decided in the present case, it is not to be denied that there is a conflict of authority between the holdings in this and other jurisdictions. This is especially noticeable by reference to some of the recent decisions of the federal courts where kindred questions were under consideration and determined. *Northern Assurance Co. of London v. Grand View Building Ass'n*, 183 U. S. 308, and *Modern Woodmen of America v. Tevis*, 117 Fed. 369. This court, however, after mature consideration, has chosen to adhere to the rule as announced by a long and unbroken line of decisions in this state, notwithstanding some other courts have recently adopted a contrary doctrine. *Hartford Fire Ins. Co. v. Landfare*, 63 Neb. 559; *Hunt v. State Ins. Co.*, 66 Neb. 121. This rule, so far as this jurisdiction is concerned, may now be considered as too firmly established to admit of further discussion.

Our attention is also challenged to certain portions of the opinion formulated by the commissioner wherein it is suggested that the language used does an injustice to the plaintiff in error and the business.in which it is engaged, and that these remarks of the commissioner, which are sanctioned by the court, are an animadversion, not properly a part of or belonging to the opinion, and for these reasons they should be eliminated therefrom.

The objectionable portion of the opinion is as follows:

"Finally it is earnestly insisted that inasmuch as the plaintiff in error is a mutual benevolent association, it should not be held to the same strict rules as respects forfeitures and the waiver of them, as are applicable between regular insurance companies and their policy holders. This consideration would appeal to us with greater force if these principles of mutuality and benevolence more frequently survived the holders of certificates, and were uniformly regarded by the associations as being applicable to, and as including, the persons named as beneficiaries. A charitable organization which collects its funds with

avidity, but is astute in finding excuses for not bestowing them upon the designated objects of its bounty, is not entitled to any exclusive or special consideration at the hands of the court. The enormous volume of litigation with which associations of this kind have flooded the country and the extremely technical character of their defenses, in many cases, to actions upon their beneficiary certificates are a sufficient commentary upon an appeal for tender consideration by the judiciary."

These remarks were apparently called forth by what was said in briefs of counsel for plaintiff in error. While it is insisted that nothing was advanced in briefs warranting the remarks complained of, it is at once apparent that otherwise they have no legitimate bearing on the decision rendered and at most, we think, can be regarded as voicing only the individual views of the writer of the opinion. The commissioner deemed it proper to speak as he did in meeting an argument which he regarded as having been advanced by counsel in their briefs. The remarks do not bear directly on any of the essential legal propositions discussed and decided. By reference to the syllabus, which mentions the points decided, and on which the judgment was based, it will be observed that none refer to the discussion indulged in to which exceptions are taken. It must be at once apparent to all that the court is not committed to all that may be said *arguendo* by one formulating an opinion. Much that is said by way of argument and even in stating a legal proposition must necessarily be left in a great measure to the individual judgment and discretion of the author of the opinion. The views of the commissioner, as expressed in the excerpt we have herein copied, should not be understood as reflecting the views of the court, nor that it is committed to the statements contained therein. The essential points discussed necessary to a decision in the case were accepted and adopted as a correct exposition of the law. That which was said by the commissioner in answer apparently, to propositions advanced by counsel should not be taken as

expressing other than the indi idual views of the writer and is not binding on the court, nor does it wish to be understood as indorsing the same. The rule adopted in the case of *Williams v. Miles, ante,* p. 479, is applicable here.

The motion for a rehearing is

DENIED.