MODERN WOODMEN OF AMERICA, APPELLANT, v. WALTER
BERRY, GUARDIAN, APPELLEE.

FILED FEBRUARY 5, 1917.   No. 19100.

1. **Insurance**: FORFEITURE: WAIVER. "A forfeiture incurred by the holder of a life insurance policy or contract is waived, if the company, with knowledge of the facts, subsequently collects premiums, dues or assessments on account of the contract, and retains them without objection until after the death of the insured." *Modern Woodmen of America v. Colman,* 68 Neb. 660.

2. **Principal and Agent**: NOTICE TO AGENT. "It is the duty of an agent to make known to his principal all facts concerning the service in which he is engaged that come to his knowledge in course of his employment, and this duty he is, in a subsequent action between his principal and a third person, conclusively presumed to have performed. This is the foundation of the rule, necessary to the public safety, that notice to an agent in the course of his employment is notice to his principal." *Modern Woodmen of America v. Colman,* 68 Neb. 660.

3. **Insurance**: PROHIBITED OCCUPATIONS. A decedent who had not been employed and who had not received compensation as a bartender, though he may for another occasionally have waited upon the customers of a saloon as an accommodation to the proprietor, was not a saloon bartender within the meaning of the prohibitive provision of the contract between plaintiff, a mutual benefit insurance society, and the insured.

4. **Trial**: MOTIONS FOR DIRECTED VERDICT: FINDING OF COURT. Where, at the close of the trial of a law action, each party moves for a directed verdict, the motion of one of the parties being sustained, the finding of the court takes the place of a verdict by the jury and will be so treated on appeal.

APPEAL from the district court for Seward county: EDWARD E. GOOD, JUDGE. *Affirmed.*

*T. S. Allen, Truman Plantz* and *J. J. Thomas,* for appellant.

*Norval Bros.* and *B. F. Good, contra.*

DEAN, J.

This action was begun by plaintiff against defendant, Walter Berry, guardian, in the district court for Seward

county, to recover $3,000 paid by plaintiff to defendant in pursuance of the terms of a beneficiary certificate in that amount that had been issued by plaintiff to Zack Berry, the insured, father of Walter G. Berry, his minor son, the ward of defendant. Recovery is sought on two grounds: First, that the insured had violated the terms of his application for membership, the by-laws of the order, and the terms of the beneficiary certificate by having engaged in a prohibited occupation, namely, that of selling intoxicating liquors as a saloon bartender after he had become a member of the society; and, second, because the $3,000 named in the policy was obtained from plaintiff by the deceit and fraud of defendant, in that the fact of Zack Berry's having been engaged in the prohibited occupation was by the defendant concealed from plaintiff by the use of false and fraudulent statements and affidavits in the proofs of death that were submitted to plaintiff. To properly dispose of the issues involved, we find it necessary to consider only the first ground of plaintiff's contention. In the trial court the suit was dismissed and judgment rendered in favor of defendant on a directed verdict, and plaintiff appeals.

At the close of the testimony both parties moved for a directed verdict. Plaintiff's motion was overruled. Defendant's motion was sustained. For the purpose of review, the action is thus brought within the rule which provides that, where at the close of a trial in a law action both parties move for a directed verdict, and the motion of either party is sustained, the findings of the court in such case upon questions of fact have the same force and effect that the verdict of a jury would have on like questions, and will be so regarded upon appeal to this court. *Dorsey v. Wellman,* 85 Neb. 262; *Martin v. Harvey,* 89 Neb. 173; *Krecek v. Supreme Lodge, F. U. A.,* 95 Neb. 428. The pertinent facts upon which plaintiff relies for reversal appear in the discussion following.

Zack Berry, the insured, became a member of the plaintiff society in February, 1899, while engaged in the occu-

pation of farming. He died on May 3, 1914. The required dues and assessments of the order had been paid by him yearly in advance, and at the time of his death all that were due or to become due until January 1, 1915, had been paid. Some time after Berry became a member of the society, he quit farming and became manager of a telephone company, and at a later period, leaving that employment, he engaged in the real estate business. He was engaged in the three occupations named from the time that his membership began until sometime in the fall of 1911, a period of about 13 years, when he entered the employ of Louis Hartwig, a saloon-keeper at Seward, and as a subordinate in the Hartwig saloon engaged more or less actively for his principal in the sale of intoxicating liquors over the bar to the customers. His employment continued in and about the saloon until sometime early in 1913, when he was discharged, and he followed no other regular employment between that time and his death, being mostly occupied in assisting in the care of an invalid wife. It seems that the insured was at the saloon of Hartwig frequently between the time of his discharge and until shortly before he died, a period of a little over a year, and that during this time he occasionally assisted his former employer, who was his friend, in the sale of intoxicating liquors to the customers of the saloon, but for these services he received no compensation. Within a convenient time after Zack Berry died, proofs of his death were submitted to plaintiff by defendant on the usual blank forms furnished by the society, and soon thereafter, in pursuance of the terms of the policy, $3,000 was paid to the defendant Walter Berry as guardian.

Zack Berry's application for membership, the by-laws of the society, and the beneficiary certificate or policy that was issued to him, together form the contract that is the basis of this suit. The application that is in evidence, among other things, provides that the applicant will conform to the by-laws then in existence or that

may thereafter be adopted, and that he will not, while a member of the order, engage in certain prohibited employments, among them being that of a wholesaler or manufacturer of liquors, saloon-keeper or saloon bartender, and that an engagement by him in any of the prohibited occupations will release the plaintiff society from liability upon the beneficiary certificate.

Section 5 of the beneficiary certificate in evidence provides: "If the member holding this certificate shall be expelled from this society or become intemperate in the use of alcoholic drinks, or in the use of drugs, or if he shall be or become engaged in the manufacture or sale of malt, spirituous, or vinous liquors as a beverage, in the capacity of proprietor, stockholder, agent, or servant, * * * then this certificate shall be null and void, and of no effect, and all moneys which have been paid, and all rights and benefits which may have accrued on account of this certificate, shall be absolutely forfeited, and this certificate become null and void."

The insured was regularly employed as a saloon bartender by Louis Hartwig, beginning in the fall of 1911, and his employment continued until the spring of 1913. And it is clearly in evidence that after he quit work in that capacity he was frequently at the saloon, sometimes as a patron, and when occasion presented sold intoxicants for his former employer over the bar, but he received no compensation for such services as he rendered in the saloon after he quit Mr. Hartwig's regular employ in the spring of 1913. Plaintiff argues that the fact of the insured having engaged in the prohibited occupation of a saloon bartender either for pay or gratuitously, after he became a member of the society, made his contract of insurance void.

In view of the decisions of this court and those of sister jurisdictions, the contention of plaintiff cannot be sustained. No other decision than that rendered by the trial court would have been right, in view of the record before us and of the authorities herein cited. Plainly

the plaintiff is bound by the knowledge of the local camp clerk, Borden, with respect to the employment of Zack Berry in a prohibited occupation, notwithstanding the contrary provisions in the application, the by-laws, and the certificate. To hold otherwise in view of the citations would be to ignore some of the elementary principles of agency. There is nothing in the record before us to show any collusion between Mr. Borden, the local camp clerk of plaintiff, and Berry, but the clerk is clearly shown to have had knowledge of his employment in the prohibited occupation at and before the time that the dues and assessments were collected. His knowledge is shown, not only by his own testimony, but as well by statements that he made to others on this subject some time before the beginning of the suit, and with which at the trial he was confronted. Mr. Borden seems to have acted within the scope of his authority. He accepted payment of dues and assessments tendered. In the present case he did so with knowledge of Zack Berry's occupation.

We adhere to the rule announced in *Modern Woodmen of America v. Colman,* 68 Neb. 660: "A forfeiture incurred by the holder of a life insurance policy or contract is waived, if the company, with knowledge of the facts, subsequently collects premiums, dues or assessments on account of the contract, and retains them without objection until after the death of the insured.

"It is the duty of an agent to make known to his principal all facts concerning the service in which he is engaged that come to his knowledge in course of his employment, and this duty he is, in a subsequent action between his principal and a third person, conclusively presumed to have performed. This is the foundation of the rule, necessary to the public safety, that notice to an agent in the course of his employment is notice to his principal."

The following cases in this and other jurisdictions seem fairly to support the rule invoked by defendant:

*Pringle v. Modern Woodmen of America,* 76 Neb. 384,
388; *Modern Woodmen of America v. Lane,* 62 Neb. 89;
*Knights of Pythias v. Withers,* 177 U. S. 260; *Distilled
Spirits,* 11 Wall. (U. S.) 356;. *Supreme Tent, K. M. W.,
v. Volkert,* 25 Ind. App. 627; *Order of Columbus v.
Fuqua,* 60 S. W. (Tex. Civ. App.) 1020; *High Court, I. O.
F., v. Schweitzer,* 171 Ill. 325; *McCormick v. Catholic Re-
lief & Beneficiary Ass'n,* 39 App. Div. (N. Y.) 309; *Su-
preme Lodge, Knights of Honor, v. Davis,* 26 Colo. 252; *Su-
preme Council, C. B. L., v. Boyle,* 10 Ind. App. 301;
*Modern Woodmen of America v. Breckenridge,* 75 Kan.
373; *La Dow v. North American Trust Co.,* 113 Fed. 13;
*Downs v. Knights of Columbus,* 76 N. H. 165; *Callies
v. Modern Woodmen of America,* 98 Mo. App. 521;
Richards, Insurance Law (3d ed.) sec. 356; 1 May,
Insurance (4th ed.) sec. 213.

*Stevens v. Modern Woodmen of America,* 127 Wis. 606,
construes· a by-law having substantially the same pro-
hibitive provision with respect to a saloon bartender
that is involved herein.   It is there .held that one who
occasionally   waited   on   customers   in   a   combination
restaurant   and   saloon   and   sometimes   sold   intoxicants
as an accommodation to his employer, but without any
compensation for the services so rendered in the saloon,
is not a saloon bartender, even though his regular duties
in and about the saloon were those of a chore boy.

Plaintiff   cites   *Krecek   v.   Supreme   Lodge,   F.   U.   A.,*
95 Neb. 428: The *Krecek* case is scarcely applicable to
the case at bar for the reason that it therein appears
that, "When the applicant for membership conspires with
the   secretary   and   others   of   the   subordinate   lodge   to
deceive the company and to withhold from it knowledge
of   facts   disqualifying   the   applicant   for   membership,
the presumption of knowledge of such facts on the part of
the company· is overcome.."   In the *Krecek* case the mem-
bership certificate of the applicant had been procured
by the fraud of Krecek and the secretary of the local
lodge who conspired together to deceive the lodge, and

in the application for membership the statement was made that the applicant had not been engaged in a prohibited occupation, but such was not the fact. Krecek was a saloon-keeper when he made application. After his death the secretary, upon inquiry, frankly stated that the "purpose was to conceal the real facts." In that case, too, the case of *Modern Woodmen of America v. Colman,* 64 Neb. 162, and on rehearing, 68 Neb. 660, and *Pringle v. Modern Woodmen of America,* 76 Neb. 384, and, on rehearing, 388, are distinguished.

There is some conflict in the testimony, but the facts in dispute were passed on by the trial court, and there being sufficient testimony to support the judgment it will therefore not be disturbed. The judgment of the district court is right, and is

AFFIRMED.

LETTON and ROSE, JJ., not sitting.