EDNA B. SMITH, APPELLEE, v. LIBERTY LIFE INSURANCE
COMPANY, APPELLANT.

FILED JUNE 4, 1929. No. 26642.

*Allen & Allen* and *Heasty, Barnes & Rain*, for appellant.

*Denney & Denney, contra.*

Heard before GOSS, C. J., DEAN, DAY, THOMPSON and
EBERLY, JJ., and CHASE and REDICK, District Judges.

DEAN, J.

Edna B. Smith, plaintiff, began this action in the district
court for Jefferson county to recover $1,200, and accrued
interest, pursuant to the terms of an accident insurance
policy issued July 2, 1925, to Charles W. Smith, her father,
by the Liberty Life Insurance Company, defendant, of
Topeka, Kansas, wherein plaintiff is the named beneficiary.
Upon submission of an agreed statement of facts, the court
rendered a judgment against the company for $1,218, which
included interest to the date of judgment. The company
appealed.

The agreed "Statement of Facts" follows:

"It is hereby stipulated and agreed by and between the parties to the above entitled action that the facts material to a decision of the question at issue are as herein stated and that said cause shall be submitted to the court for its decision on the facts as herein stated, in lieu of evidence.

"That on July 2, 1925, Charles W. Smith made a written application to the defendant company for an accident insurance policy. A true and correct copy of said application was made a part of the policy which is hereto attached and made a part of this agreed statement of facts. That based on said application the defendant company issued a policy of accident insurance to the said Charles W. Smith on the 6th day of July, 1925, a copy of said policy being hereto attached marked 'Exhibit A' and made a part hereof. That at the time said Charles W. Smith made said application for said policy, to wit, on July 2, 1925, he was 64 years of age. The beneficiary named in said application is the plaintiff in this action.

"At the time said policy was issued applicant paid $5, being the premium on said policy for one year from that time. On June 25, 1926, he paid $5 to defendant as premium for another year. On the 6th day of July, 1927, he paid to defendant an additional $5 as renewal premium for the year beginning July 6, 1927, and the defendant issued and delivered to the said Charles W. Smith a receipt therefor, a true copy of which is hereto attached marked 'Exhibit B' and made a part hereof. That on September 12, 1927, the defendant company tendered the plaintiff $7.57 for unearned premium on said policy paid by said Charles W. Smith, that being the amount paid by him in excess of the amount due when he attained the age of sixty-five years.

"That on the 27th day of August, 1927, said Charles W. Smith received a bodily injury, solely through external, violent and accidental means, and which bodily injury was sustained by the insured, Charles W. Smith, while operating and driving and riding in an automobile, and as a result solely from such injury said Charles W. Smith died on the

27th day of August, 1927, his death not being caused by suicide while sane or insane, or any of the exemptions set forth in section 9, general provisions of said policy, numbered from 1 to 9, both inclusive. That after the death of insured the plaintiff, Edna B. Smith, made proof of loss to the defendant company in conformity with the provisions of said policy. That at the time of his death said insured, Charles W. Smith, was sixty-six years, seven months and 17 days of age, he having been born on January 10, 1861.

"The defendant company is incorporated under the laws of Kansas and is admitted to do business in the states of Kansas and Nebraska and has complied with the laws of said states with reference to carrying on the business of life, health and accident insurance. That the form of policy issued to said Charles W. Smith was authorized and approved by the commissioners of insurance of the states of Kansas and Nebraska, and is in conformity with the laws of said states. That said policy was executed by said defendant company at its office in Topeka, Kansas, on the date herein before stated.

"(Signed) Denney & Denney, Attorneys for Plaintiff.

"(Signed) Allen & Allen, Attorneys for Defendant."

The insurer contends that it should be relieved of its contractual liability and that the action should be dismissed pursuant to the terms of this clause in the policy:

"The insurance under this policy shall not cover any person under the age of 16 years nor over the age of 65 years. Any premium paid to the company for any period not covered by this policy will be returned upon request."

But defendant accepted premiums from the insured for some time after he was over the age of 65 years, notwithstanding he had passed the age inhibited by the terms of the company. And it appears that the insured did not request the return of the premiums so paid, but the company retained such premiums. There is nothing to show but that the company, but for his death, would have continued to accept additional premiums from the insured so long as he lived. But, as we construe it, the above cited provision of

the policy continued it in full force and effect until and unless a return of such premium was requested by the insured. This appears to be the construction given to this provision of the policy by the parties themselves.

In view of the facts before us, we conclude that the company waived the provisions of the above recital in its policy. The age of the insured was written on the face of the application for insurance by the defendant company when the policy was drawn up and the company was, of course, thereby charged with knowledge that plaintiff would be 65 before a year had elapsed. And in due course the company accepted the premiums, not only for the second year, but for the third year of the policy as well, the last premium being paid less than two months before the accident which caused the death of the insured. But the feature of alleged forfeiture, now insisted upon by the insurer, was not disclosed by it to any person until after the death of its patron.

In *Modern Woodmen of America v. Colman*, 68 Neb. 660, we said: "A forfeiture incurred by the holder of a life insurance policy or contract is waived, if the company, with knowledge of the facts, subsequently collects premiums, dues or assessments on account of the contract, and retains them without objection until after the death of the insured." In the case now before us the defendant company with its office records at hand would not, of course, plead that it was without "knowledge of the facts." Nor does it so plead. And in an insurance contract, involving the loss of personal property, we held in an early case that the acceptance of a premium after a forfeiture was a waiver of such forfeiture and rendered the insurer liable for the loss. *Phœnix Ins. Co. v. Lansing*, 15 Neb. 494.

In a standard work on insurance the rule there stated is applicable to the facts in the present case: "To deliver a policy with full knowledge of facts upon which its validity may be disputed, and then to insist upon these facts as ground of avoidance, is to attempt a fraud. This the courts will neither aid nor presume. * * * And any acts, declarations, or course of dealing after delivery by the insurers,

with a knowledge of the facts constituting a breach of a condition of the policy, recognizing the policy as still valid, and from which the insured might fairly infer that he was protected, will amount to a waiver of such breach, and estop the insurers from setting it up in defense." 2 May, Insurance (4th ed.) 1182, sec. 497.

A recognized authority says: "It is also a settled rule of law that where an insurer has knowledge of facts entitling it to treat a policy as no longer in force, and thereafter it receives a premium on the policy, it is estopped to take advantage of the forfeiture. It cannot treat the policy as void for the purpose of defense to an action to recover for a loss thereafter occurring, and at the same time treat it as valid for the purpose of earning and collecting further premiums. Likewise, imposing or collecting an assessment by a mutual insurance company, after the company has knowledge of facts entitling it to consider the policy no longer binding upon it, without its assent, is held to be a waiver of the right to claim the forfeiture which otherwise it might have insisted upon." 14 R. C. L. 1190.

In *Cook v. National Fidelity & Casualty Co.*, 100 Neb. 641, we held that, where an accident occurred after the beneficiary was 60, the company was liable on the ground that such fact when known to the insurer, as in the present case, constituted a waiver by the company of the protection which it might otherwise claim. And in the same case it was said that it was not right that the company should lead the assured and his beneficiary to believe that the policy was in force and then try to avoid the terms of the contract. See, also, *Owens v. Travelers Ins. Co.*, 99 Neb. 560. Where an insurance company is charged with knowledge of the fact that the insured was beyond the inhibited age expressed in an accident insurance policy, and continues to treat the contract as of binding force by accepting premiums from the insured until within less than two months before his death, the forfeiture is waived. *Neiman v. City of New York Ins. Co.*, 202 Ia. 1172. To substantially the same effect are the following: *Baughman v. Niagara Fire Ins. Co.*, 163

562

Minn. 300; *Billings v. German Ins. Co.*, 34 Neb. 502.

In their brief the defendant company says that plaintiff is estopped from now alleging a waiver of the terms of the policy, because an estoppel is not pleaded in specific terms. We think the argument is ultra technical. We adhere to the rule announced in *City Nat. Bank of Hastings v. Thomas*, 46 Neb. 861, namely: "A party entitled to an estoppel need not in all cases formally plead the estoppel. If the facts constituting the estoppel are in any way sufficiently pleaded, he is entitled to the benefit of the law arising therefrom." And in *Seng v. Payne*, 87 Neb. 812, we said: "If the facts constituting an estoppel are sufficiently pleaded by a defendant, he will be given the benefit of that defense, although the word estoppel does not appear in his pleading."

Under the facts and the law we conclude that the company should not now be permitted to evade liability. The district court did not err in its judgment. The judgment is

AFFIRMED.

Note—See Insurance, 14 R. C. L. 1190; 3 R. C. L. Supp. 354; 4 R. C. L. Supp. 800; 7 R. C. L. Supp. 486; 1 C. J. 424 n. 25—Estoppel, 21 C. J. 1248 n. 52.