NELLIE N. PETERSON, APPELLEE, v. COSMOPOLITAN OLD LINE LIFE INSURANCE COMPANY, APPELLANT.

FILED MAY 5, 1933. No. 28532.

*Finlayson, Burke & McKie, Sterling F. Mutz* and *Robert S. Stauffer,* for appellant.

*Fred N. Hellner, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is an action brought by the beneficiary upon a policy of insurance issued by the defendant company to recover the sum of $360 upon the death of the insured. The defendant is a mutual insurance company, operating upon a so-called thrift plan. The premium charged the insured by the company was $6 a month, or $72 a year, and, at the time of the death, the policy had a cash surrender value of $154.38. The company defended on the theory that, at the time of the death, the policy had been forfeited for nonpayment of premiums which, it alleges, were five months in default. The trial court found in favor of the plaintiff for the amount of the insurance.

The amount involved in this action is comparatively small, and we are not impressed with the importance of the principle involved, either to the defendant or other mutual companies doing business in Nebraska. We are of the opinion that, at the time of the death of the insured, the policy had not lapsed and that there is no question of reinstatement or extended insurance involved in this case. This policy was issued December 6, 1927, and the premiums paid until the death of the insured, July 13, 1931, were as follows:

| | | | |
|---|---|---|---|
| December 15th, 1927 | $ 6.00 | April 24th, 1929 | $12.00 |
| June 18th, 1928 | 6.00 | May 24th, 1929 | 12.00 |
| July 16th, 1928 | 6.00 | July 3rd, 1929 | 12.00 |
| August 27th, 1928 | 12.00 | Janary 8th | 6.00 |
| September 10th, 1928 | 12.00 | March 13th, 1930 | 12.00 |
| October 13th, 1928 | 12.00 | June 5th, 1930 | 12.00 |

| | | | |
|---|---|---|---|
| November 14th, 1928 | 12.00 | September 27th, 1930 | 12.00 |
| December 10th, 1928 | 18.00 | May 14th, 1931 | 12.00 |
| January 17th, 1929 | 12.00 | June 15th, 1931 | 12.00 |
| February 13th, 1929 | 12.00 | July 9th, 1931 | 12.00 |
| March 14th, 1929 | 12.00 | | |

It will be noted that from the date of the issuance of the policy the insurance company had not insisted upon the payments being made when due. If the defendant's contention is adopted in this case, there never was a time during the life of the policy when the beneficiary could have recovered upon the death of the insured. For what purpose then did this company collect during three and one-half years $80 more than the cash value of the policy if not to insure the life of insured for $360?

A forfeiture of a life insurance policy is waived if the company, with knowledge of the facts, collects premiums and retains them without objection until after the death of the insured. *Modern Woodmen of America v. Colman,* 68 Neb. 660; *Modern Woodmen of America v. Berry,* 100 Neb. 820; *Cunningham v. Modern Brotherhood of America,* 96 Neb. 827; *Phoenix Ins. Co. v. Lansing,* 15 Neb. 494; *Farmers Union Ins. Co. v. Wilder,* 35 Neb. 572; *Fhenix Ins. Co. v. Dungan,* 37 Neb. 468; *Warren v. Grand Lodge, A. O. U. W.,* 104 Neb. 810; *Smith v. Liberty Life Ins. Co.,* 118 Neb. 557.

It will be noted that four days before the death of the insured he paid $12 on the policy, which was accepted and retained by the company, as were all other payments, without complaint until the beneficiary sought to recover. The company, by its course of dealing, induced the insured to believe that prompt payment would not be required and that any provision for forfeiture would not be enforced if payments were made in a reasonable time. This case presents a similar situation to that in *Owens v. Travelers Ins. Co.,* 99 Neb. 560, cited with approval in *Cook v. National Fidelity & Casualty Co.,* 100 Neb. 641, and *Smith v. Liberty Life Ins. Co.,* 118 Neb. 557. The opinion in the *Owens* case announces a sound doctrine,

supported by reason and authority. Paraphrasing its language, under the evidence it was at least a question of fact to be determined by the court, a jury being waived, whether the company in its dealings had induced a belief that the part of the contract providing for forfeiture if the premium was not paid on the day it was due would not be enforced if paid within a reasonable time. Provision of life insurance policy for forfeiture in case premiums are not paid on day due may be waived by company by a course of dealings, by which insured paid premiums later, which induced insured to believe that payment on due date would not be enforced if paid within a reasonable time.

The judgment of the trial court is

AFFIRMED.