JULIA A. EVERETT, APPELLEE, V. METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT.

FILED JULY 2, 1935. No. 29267.

*Harley G. Moorhead, Harley G. Moorhead, Jr.,* and *Leroy A. Lincoln,* for appellant.

*G. H. Seig, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

PAINE, J.

This is an action by a widow and beneficiary upon a $2,000 policy of life insurance in the Metropolitan Life In-

surance Company upon the life of her husband. The $2,000 policy was payable to the beneficiary in instalments according to a settlement option executed by the insured, whereby about $500 was to be paid immediately upon the death of the insured, and the balance was payable in monthly instalments of $66.66 with interest at 7 per cent. for 23 months thereafter.

On August 1, 1928, defendant issued this policy for $2,000, payable to the plaintiff, his wife, and insured paid therefor the premium of $3.90, which maintained the policy in force for one month from its date of issue, which payments were to continue for 53 years. He paid such monthly premiums upon said policy for 4¼ years. Defendant denied liability upon the ground that the premium for the month of November, 1932, in the sum of $3.90 had not been paid, and that the principal sum was therefore forfeited, the defendant insisting that, by the nonpayment of the monthly premium due November 1, 1932, the policy lapsed 31 days thereafter. The insurer died December 25, 1932.

At the close of all of the evidence, the defendant moved the court to take the case from the jury and find for the defendant, for the reason that there was insufficient evidence to support a judgment for the plaintiff and against the defendant. Thereafter the plaintiff moved the court to enter judgment for the plaintiff in the amount sued for, for the reason that the evidence of the defendant was not sufficient to establish its defense and plaintiff was entitled to a judgment as a matter of law. The trial court thereupon discharged the jury and found generally for the plaintiff, and gave judgment for the total amount of instalments due at that time, of $940.01, and taxed as part of the costs an attorney fee for the plaintiff in the sum of $200. The defendant assigned as errors the overruling of the motion for a directed verdict, for errors of law occurring at the trial, and that the verdict and judgment were not sustained by sufficient evidence and are contrary to law.

Plaintiff's exhibit No. 6, being a statement of the values in this policy tendered by the defendant company, shows that the cash surrender value of the policy was $94.94, and that a small loan, with interest thereon, standing as a lien against this policy, amounted to $88.20, leaving a net cash surrender value on the policy of $6.74, at death of the deceased. The unpaid premium was only $3.90, and in this particular form of policy there was no forfeiture clause. It did provide that in the case of lapse of payment certain options could be exercised within three months, which time had not yet expired. This court has held that, in such a situation and under these conditions, the cash value of $6.74 should be applied as a premium to continue the policy in force, for forfeitures are not looked upon with favor. In *Haas v. Mutual Life Ins. Co.*, 84 Neb. 682, 26 L. R. A. n. s. 747, it says in the opinion: "We adhere to the rule this court has heretofore announced that 'forfeitures will be enforced only when the strict letter of the contract requires it.' * * * It can be permitted only when expressed in the policy in clear and unmistakable terms."

In *North Carolina Mutual Life Ins. Co. v. Terrell*, 89 A. L. R. 1459 (227 Ala. 410) the first syllabus reads as follows: "The full amount of a life insurance policy the premium of which was unpaid at the time of the death of insured, and not merely the amount of paid-up insurance, is, where the insured died within three months after the premium became due without having exercised any of the options afforded by the policy, recoverable under a policy which, while specifying that, except as therein provided, the payment of a premium shall not maintain the policy in force beyond the date when the next premium is payable, also provides that insured may, within three months after default in the payment of any premium, surrender the policy and have a choice between receiving its cash-surrender value, or paid-up insurance, or extended insurance, and that if no other option is selected, the policy will automatically be continued in force for the amount of paid-up insurance to which the insured is entitled." The anno-

tation following the case cites additional authorities supporting the quotation hereinabove. See *McMaster v. New York Life Ins. Co.*, 183 U. S. 25; *Higgins v. Old Line Ins. Co.*, 122 Neb. 254.

The insured in the case at bar had three policies in force in the same company, and had paid the premiums on two of the policies for December, but it appears he did not pay the monthly premium due on this older policy. It appears that the defendant's agent, Carr, observed that a small loan was being made on the policy, and concluded that the premium due would be taken out of the proceeds, and in his letter to the insured under date "11-15-32," written upon the letterhead of a district manager of the Metropolitan Insurance Company, being exhibit 4, said: "I will forward your policy to you as soon as it comes thru to me. A deposit of $2.32 will be necessary to put it in force. It will also pay the premium of Dec. and you will have nothing more to pay until Jan. 1-1933." The insured was thus led to believe the November premium was paid by the loan. The conclusion was doubtless drawn by the trial court that the failure of the insured to pay the premium was due to the statements and conduct of the defendant's agent, as well as by the written statement made by defendant's agent on plaintiff's exhibit 4 that the premium was paid, which statement the defendant ratified, and treated the policy in full force until long after the death of the insured. The reply pleaded that defendant was estopped from declaring a lapse by its conduct, and at no time gave notice of any lapse, and exhibit 10 is a letter of the third vice-president, F. J. Williams, urging deceased to pay the premium some 19 days after his death.

It has frequently been held that an insurance company may be estopped from denying liability where by its course of dealing, or its open actions, it has induced the insured to pursue a policy to his detriment. *Cook v. National Fidelity & Casualty Co.*, 100 Neb. 641; *Smith v. Liberty Life Ins. Co.*, 118 Neb. 557; *Peterson v. Cosmopolitan Old Line Ins. Co.*, 124 Neb. 792.

In our opinion the policy in question was in force at the death of the insured, because of the letter and conduct of the agent of the defendant. The judgment of the trial court is affirmed, and an attorney's fee in the sum of $150 is allowed in this court.

AFFIRMED.