WILLIAM HENRY LIPE, APPELLEE, V. WORLD INSURANCE COMPANY, APPELLANT.

5 N. W. (2d) 95

FILED JULY 31, 1942.   No. 31392.

*Monsky, Grodinsky, Marer & Cohen,* for appellant.

*Beghtol, Foe & Rankin* and *Walter E. Nolte, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

EBERLY, J.

This is a suit brought by William Henry Lipe, as plaintiff, to recover $200 under the terms of a health and accident insurance policy issued by the World Insurance Company, defendant.

The case was brought by the plaintiff in municipal court, where judgment was entered for him as prayed. Appeal was taken from this judgment by the defendant to the district court, a jury was waived, and a trial had to that court, and again judgment was entered for the plaintiff as prayed. From the judgment last entered the defendant now appeals to this court.

The policy in suit includes the following:

"In consideration of the statements made by the insured in the application, a copy of which is indorsed hereon and made a part hereof, and the payment in advance of Ten and no/100 Dollars as membership fee and premium to the first day of January, 1933, and thereafter the payment of Ten and no/100 Dollars quarterly in advance, the World Insurance Company of Omaha, Nebraska, hereinafter called the Company, does hereby insure William Henry Lipe (hereinafter called the Insured) of the city of Walton, state of Nebraska. Insuring Clause Against: (1) Loss of life, limb, sight or time resulting while this policy is in force, from bodily injury sustained, directly and independently of all other causes, through purely external, violent and accidental means (thereinafter called 'such injury') ; (2) loss of time on account of sickness which is contracted by the Insured and begins after thirty days from the date of the policy and while this policy is in force, hereinafter called 'such sick-

ness,' subject to all the provisions and limitations herein contained. Suicide or any attempt thereat, sane or insane, is not covered."

Following this clause is a detailed list of specific injuries covered by this policy. In addition, certain standard provisions are set forth and made a part of this contract. Under the caption "Age Limits of Policy" appears the following: "19. The Insurance under this policy shall not cover any person under the age of sixteen years nor over the age of sixty-five years. Any premium paid to the company for any period not covered by this policy will be returned upon request."

The foregoing is the sole and only restriction in this policy relative to excluding certain ages from the benefits of its terms.

The evidence in the record includes the following: Witness Ruth Kuran, who has been employed by the World Insurance Company for eight years last past in the capacity of assistant secretary and chief underwriter, testifies that her duties as such officer are to examine applications and to reunderwrite risks, that is, to examine files as to their desirability for the company to continue the risk or to accept the risk; that it also has been her duty for all these years to examine present policies of the company to determine if the company desires to continue the risk; that for these purposes all the records of the company, including its premium records, are kept under her general supervision and control and available for her use; that witness knew that plaintiff, Mr. Lipe, was a policyholder of this company; that policy No. 41263 had been duly issued to him on October 1, 1932, and premiums had been paid in at the rate of $10 every three months—$10 a quarter; that the company's course of business is to send the assured a notice in writing calling his attention to the date each premium falls due, by a renewal premium notice sent out 20 days prior to the time the quarterly premium becomes due; that there is also a reminder notice sent 10 days prior to the due date, or 10 days following the first premium renewal notice; that upon each

of these renewal premiums being paid by the assured there was issued to him a renewal receipt which purported to continue the policy in force to a date certain stated therein; that this standard form of official premium receipt, issued and in use by the World Insurance Company, had been in force many years.

Further, this witness testified: "Q. And to your knowledge and in accordance with the custom of the company were the premium notices sent to Mr. Lipe for each quarterly premium? A. Yes. Q. Were those quarterly premiums paid in due time according to your records? A. Yes. * * * Q. Now when you examined Mr. Lipe's file in the year 1935, state the purpose for which you examined the file in that year? * * * A. It was to determine whether we would discontinue the policy or continue on the risk. Q. And what was your determination? A. To continue on the risk. Q. And did you do that same thing in each subsequent year 1936, 1937, 1938 and 1939? A. Each year. Q. And for that same purpose? A. Yes. Q. And did you reach the same determination each year? A. Yes. Q. Until what time? A. Until he became seventy years of age. * * * Q. Then what was your determination when he reached seventy years? A. That we could no longer continue the risk from a health standpoint but we would be willing to issue him a straight accident policy. * * * Q. Now, Miss Kuran, when you examined Mr. Lipe's file in the years 1935, 1936, 1937 and 1938 and 1939 for the purposes that you have just testified to, did you have in mind any particular provision of the policy which Mr. Lipe held during those years? A. Yes. * * * Q. And when you issued the premium notices to Mr. Lipe during the years 1935, 1936, 1937, 1938 and 1939 and accepted his premiums, you were familiar with paragraph 19 of his policy here? A. Yes."

The application for policy, addressed to the defendant company and executed by William Henry Lipe, upon which the policy in suit was issued, discloses that it was written on "10-1-32," and that the applicant was at that time 63 years of age.

When the company determined that it could no longer continue the risk from a health standpoint, but would be willing to issue Lipe a straight accident policy, he then applied for such straight accident policy, which was issued to him.

William Henry Lipe testifies as to securing the policy, No. 41263, from the insurer, and the payment of premiums thereon during all the years from 1932 to April 1, 1939; that, about 20 days before the premium was due, he received a premium notice from the company each quarterly period which notified him that the premium was due on a certain date; that he paid the premium each time after he received the premium notice. Further, he testified: "Q. And when you paid the premium on each quarterly period you believed that your policy was in force, didn't you? A. Yes. Q. And you believed that your policy was in force during all of the years 1935, 1936, 1937, 1938 and 1939? A. Yes. Q. And if you had a claim to present against the company during those periods, you would have done so with the belief your policy was in force and the company should pay you? A. Yes. * * * Q. Now during those years 1935, 1936, 1937, 1938 and to July 1, 1939, did the World Insurance Company or any one on its behalf ever tell you that your policy was not in force? A. No. Q. You understood that during those years your policy was in force? * * * A. Yes."

The last official premium receipt received by the assured on April 4, 1939, bearing the signature of the secretary, countersigned by Ingles, its "agent or cashier," contained the statement: "The premium payment evidenced by this receipt continues the policy as numbered herein (41263), subject to all of its provisions, conditions and limitations to July 1, 1939." All premium receipts issued to and received by the assured were identical in form and purpose.

Recurring to the "19th Standard Provision," which constitutes a part of this policy, it is plain that the words "The insurance under this policy shall not cover any person under the age of sixteen years nor over the age of sixty-five years. Any premium paid to the company for any period not cov-

ered by this policy will be returned upon request" constitute a limitation or condition set forth in that instrument for the benefit of the insurer and not the insured. As such, it is subject to waiver by the insurer, which the facts disclosed by the evidence clearly establishes as having occurred.

" 'Waiver' has been defined as a voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed; the voluntary abandonment or surrender, by a capable person, of a right known by him to exist, with the intent that such right shall be surrendered and such person forever deprived of its benefits; or such conduct as warrants an inference of the relinquishment of such right; or the intentional doing of an act inconsistent with claiming it." 67 C. J. 289.

The foregoing principles are applicable to insurance policies.

Thus, in a suit upon a health and accident policy involving the same issues as here presented, in a suit prosecuted by the insured against the insurer, where the insurable limit was 50 years, to recover premiums paid, recovery was denied, and the rule was announced: "Generally, an insurer may waive any provision of a policy which is for insurer's benefit, such as a provision that health and accident policy shall not cover any person more than fifty years old." *National Life & Accident Ins. Co. v. Ransdell,* 259 Ky. 559, 82 S. W. (2d) 820.

In this jurisdiction we have long been committed, in principle, to the doctrine that, where an insurance company over a period of years sends premium notices to an insured who is past the inhibited age provided in the policy, and the insured pays such premiums during that period, and the insurer knew the insured was beyond the inhibited age but continued to treat the contract as of binding force by accepting and retaining the premiums paid, such forfeiture or condition is waived, and the insurance company is bound. *Smith v. Liberty Life Ins. Co.,* 118 Neb. 557, 225 N. W. 688; *Modern Woodmen of America v. Colman,* 68 Neb. 660, 665,

94 N. W. 814, 96 N. W. 154; *Modern Woodmen of America v. Berry*, 100 Neb. 820, 161 N. W. 534; *Peterson v. Cosmopolitan Old Line Life Ins. Co.*, 124 Neb. 792, 248 N. W. 312; *Everett v. Metropolitan Life Ins. Co.*, 129 Neb. 386, 261 N. W. 575; *Schoneman v. Western Horse & Cattle Ins. Co.*, 16 Neb. 404, 20 N. W. 284; *Western Horse & Cattle Ins. Co. v. Scheidle*, 18 Neb. 495, 25 N. W. 620. See, also, *Home Mutual Benefit Ass'n v. Rowland*, 155 Ark. 450, 244 S. W. 719, 28 A. L. R. 86; *Venz v. State Automobile Ins. Ass'n*, 217 Ia. 662, 251 N. W. 27; *Boult v. Maryland Casualty Co.*, 111 Fed. (2d) 257; *English v. National Casualty Co.*, 138 Ohio St. 166, 34 N. E. (2d) 31; *Western Casualty Co. v. Aarons*, 85 Colo. 591, 277 Pac. 811.

The assured's rights of recovery, as a matter of contract, are strictly limited by the second sentence of standard provision No. 19 as they appear in the policy, "Any premium paid to the company for any period not covered by this policy will be returned upon request." This is quite different from a stipulation that all payments of premium by the assured after attaining the age of 65 years should be returned to him on request. The right to the return of premiums paid by the assured is wholly dependent, by the express terms of the clause under consideration, on the nonexistence of coverage by the policy. If coverage existed during the entire period paid for, the assured has received all protection he paid for, and no right of action has accrued. But, it clearly appears that the assured was, due to the several waivers of the insurer in the instant case, at all times insured and within the protection of the policy provisions. The result of the situation here presented was well expressed in principle by a noted author on insurance law, as follows:

"In fact, the retention of a premium on a fire insurance policy, after knowledge of the breach of a condition involving a right to forfeiture, is an election to waive such breach and continue the policy in force, and the policy should then be construed as though such condition had never existed." 3 Couch, Cyclopedia of Insurance Law, p. 2276.

In the instant case, clear waivers of the age limit of the policy by the insurer made upon receipt by it of each quarterly premium payment, having ripened into binding estoppels, the policy must be construed as though the condition in the policy relative to age limit, on which the plaintiff relies, was in legal effect nonexistent and wholly eliminated when each quarterly instalment of premium was voluntarily paid by the assured and accepted and received by the insurer. Here, the insured admittedly paid for his insurance after attaining the age of 65 years, believing he was validly continuing this insurance in force. Under the circumstances of the instant case, the assured's belief was strictly in accord with the facts, and he at all times enjoyed the protection his payments of premiums entitled him to, wholly unaffected by the waived condition. At no time during this period after he had attained the age of 65 years did the assured cease to be fully covered by the legally existing terms of the policy in suit. This fact wholly negatives the right of recovery pleaded by the plaintiff, and no recovery can be sustained in his behalf.

The judgment of the district court is, therefore, reversed and the action dismissed.

REVERSED AND DISMISSED.