PETER J. RICHWINE v. LA CROSSE MUTUAL AID ASSOCIATION.

June 8, 1899.

Nos. 11,561—(123).

Benefit Association—Monthly Payments—Waiver—Forfeiture.

> Under the evidence produced at the trial of this action, brought to re-
> cover under a certificate of membership issued by a mutual aid associa-
> tion, as to plaintiff's payment of his monthly dues, which, according to
> the contract, were payable in advance, and defendant's methods in re-
> spect to receiving the same, it is *held* that prompt payment was waived,
> and that defendant is estopped from asserting that plaintiff's rights
> lapsed at any time or were forfeited.

Action in the municipal court of St. Paul to recover $140 on an insurance policy. The case was tried before Hine, J., who found in favor of plaintiff in the sum of $130.50. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*R. J. Burglehaus*, for appellant.

*John H. Ives*, for respondent.

COLLINS, J.[1]

The defense upon which the defendant, a so-called "mutual aid association," relies in this appeal, is so devoid of merit that it is not entitled to consideration at any great length. Under one of the conditions found in the body of the policy or certificate of membership issued by defendant, and held by plaintiff, bearing date September 29, 1897, the latter was entitled to a payment of $70 per month by reason of

"Sickness that is contracted and begins while the certificate is in full force and effect, and after it has so continued for three consecutive months."

Reckoning from the date of this instrument, the three months would expire December 30. Another condition was that the certificate should continue in force only so long as the dues, $1.90 per month, were paid in advance, without notice. As is frequently the

[1] BUCK, J., absent.

case, very exacting provisions and conditions were printed on the back, and in express terms made a part of the certificate, and among them was one that all rights were to cease, and the certificate was to be wholly void, unless all monthly dues were paid in advance, on or before the day specified. On September 29 plaintiff paid his first month's dues, receiving a receipt as follows:

"Office of the La Crosse Mutual Aid Association.
La Crosse, Wis., September 29, 1897.

$1.90. Received of P. J. Richwine one $^{00}/_{100}$ dollars, which pays assessments from Sept. 29, 1897, to Oct. 29, 1897, under certificate No. 8,518, subject to all conditions of said certificate.

J. O. Paddock, Secretary."

His next payment was on November 1, and his receipt bore date that day. Payment of the assessment from October 29 to November 29 was acknowledged. Payment of an assessment from December 7 (not from November 29) to January 7 was acknowledged by a receipt dated December 8. By another receipt, dated January 5, payment of an assessment from January 7 to February 7 was admitted. February 7 the secretary acknowledged payment of an assessment "to March 7." By another receipt, of date March 18, it was admitted that an assessment "to April, 1898" (day in April omitted), was paid. The last receipt bears date April 1, and acknowledged payment of an assessment to May 15. Notice of plaintiff's sickness was filed with the defendant April 7, with which was the attending physician's certificate, as required by the rules of the company. These receipts were evidently prepared and filled out on a blank form, but it will have been noticed that, when placed together and compared, they do not show or admit payment for connected assessments. So the claim of defendant is that the certificate was never continued in full force and effect for three consecutive months. Beginning with the date of this certificate, the third payment was eight days late. Beginning with the payment of December 8, the third payment, March 18, was ten days late; and because of these facts defendant company refused to pay any part of plaintiff's claim for a sickness which, according to the proofs, commenced March 27, and which lasted about two months.

An association which intended to deal fairly with those holding

its certificates would not receive and retain money paid in as monthly dues, oftentimes by persons badly in need of it for other purposes, and then, on a bare technicality, reject and repudiate a claim for benefits made by a patron. Nor will it be permitted to deprive plaintiff of the amount due as such benefits by such a course of business methods. The defendant had a contract right to refuse the money remitted by plaintiff after the specified day for payment, and it could thus terminate his certificate, unless he should afterwards be reinstated, as authorized by one of its provisions. Had this been done, perhaps a new three-months period would have been initiated and fixed, of which plaintiff would have had notice which could not have been misunderstood. But we have no occasion at this time to decide the status of a reinstated member. But defendant could not, by its acts or course of conduct, or by issuing receipts which, to say the least for them, were insufficient to put an ordinary man on his guard, or by a system of bookkeeping of which plaintiff had no knowledge, mislead him in regard to the necessity of prompt payment of his monthly dues, or create a belief on his part that a strict compliance with the letter of his contract was unnecessary, and then take advantage of its own misconduct. This, in substance, was held in Mueller v. Grand Grove, 69 Minn. 236, 72 N. W. 48, and cases cited. And this is what defendant attempted to do in this particular instance. Under the evidence produced at the trial relative to plaintiff's payment of his dues and defendant's methods in respect to receiving the same, it must be held that prompt payment was waived, and that defendant is estopped from asserting that plaintiff's rights lapsed at any time or were forfeited.

Nor is there any merit in the two subordinate points made by counsel—First, that the amount found due to plaintiff is excessive; and, second, that no proofs of his claim were furnished.

Order affirmed.