**Josephine Dugan, Defendant in Error, v. International Association of Bridge & Structural Iron Workers, Plaintiff in Error.**

**Gen. No. 21,587. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. George J. Cowing, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 27, 1916.

### Statement of the Case.

Action by Josephine Dugan, plaintiff, against the International Association of Bridge & Structural Iron Workers, defendant, to recover a death benefit alleged to be due plaintiff as widow and sole heir at law of one Frank J. Dugan, deceased. From a judgment in favor of plaintiff, defendant brings error.

Zoline & Levinson, for plaintiff in error.

Michael Lyons, for defendant in error; John H. Kane, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

### Abstract of the Decision.

1. Insurance, § 793*—*when by-law requiring payment of monthly dues and assessments in advance is waived.* The provisions of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Dugan v. Int. Ass'n of B. & S. I. Workers, 202 Ill. App. 308.

by-law of a benefit association requiring members to pay dues and assessments monthly in advance is waived by accepting them at any time during the month.

2. INSURANCE, § 780*—*how rules and by-laws of benefit society should be construed.* The rules and by-laws of a benefit society should be liberally construed, and in case of an attempt by a society to declare a forfeiture will be most strictly construed against it.

3. INSURANCE, § 793*—*when forfeiture for failure to comply with by-law of benefit association may be waived.* A forfeiture for failure on the part of a member of a benefit association to comply with the provisions of a by-law requiring prompt payment of assessments may be waived.

4. INSURANCE, § 781*—*when mutual benefit certificate will not be construed as forfeited for failure to promptly pay dues.* Where the by-laws of a benefit association provide that all monthly dues are payable in advance and that no member shall be entitled to a benefit if, at the time of his death, he is more than thirty days in arrears, and a member dies on the first day of September, which is Labor Day, the last day of August being Sunday, the prompt payment of dues is waived by the acceptance of payment at any time during the month, and such by-laws should be construed so as not to prevent a forfeiture of the beneficiary's rights.

5. CORPORATIONS, § 57*—*when voluntary association estopped to deny corporate existence.* A voluntary association consisting of local unions throughout the United States, but which bears a name which implies a corporation and has an organization consisting of a president, first vice president, board of directors, secretary and treasurer, a constitution and by-laws and a common seal, is estopped from denying its corporate existence.

6. ASSOCIATIONS, § 9*—*what is sufficient service of summons upon.* A voluntary association consisting of local unions throughout the United States may be served with summons, in an action by a beneficiary for death benefits, by service upon a part of the members who act for other members of the association as well as for themselves.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.