STEHLIK, Administratrix, Respondent, vs. MILWAUKEE
TYPOGRAPHICAL UNION No. 23, Appellant.

*March 6—April 2, 1919.*

*Insurance: Benefit societies: Membership in good standing: Non-payment of dues: Waiver: Estoppel.*

Under the by-laws of a subordinate typographical union a death
benefit was payable to heirs upon the death of a member *in
good standing,* but a member was in good standing only when
his dues for the current month were paid.   The general laws
of the order provided that a member should stand suspended
when four months in arrears for dues.   A member had once
or twice been more than four months in arrears, but, before
it was necessary for the local secretary to report that fact,
had paid sufficient dues to maintain his membership, and the
report was not made.   He had usually been from two to three
months, and at the time of his death was two months, in ar-
rears.   The local officers were bound to accept dues tendered
by a member not in suspension, even though he was in ar-
rears.   *Held,* that no death benefit was payable.   His mere
membership in the order was not enough to give his heirs any
right to such benefit; and, even if there had been a waiver of
the laws which automatically operated to suspend him as a
member of the order, there had been no conduct which in any
way estopped the local union to deny that he was in good
standing.   *Ramsey v. Travelers' P. Asso.* 147 Wis. 405, dis-
tinguished.

APPEAL from a judgment of the circuit court for Milwau-
kee county: JOHN J. GREGORY, Circuit Judge.   *Reversed.*

This action was brought in the civil court of Milwaukee
county by the plaintiff as administratrix of the estate of
Frank Kuehnl against the *Milwaukee Typographical Union
No. 23* to recover a death benefit of $300.

Plaintiff recovered in the civil court, defendant appealed
to the circuit court, where the judgment was affirmed, and
from the judgment of the circuit court defendant brings this
appeal.

For the appellant there was a brief by *Rubin, Fawcett &*

*Dutcher,* attorneys, and *A. W. Richter,* of counsel, all of Milwaukee, and oral argument by *Charles B. Rubin.*

*J. J. Vlach* of Milwaukee, for the respondent.

OWEN, J.    Plaintiff's deceased, who died on July 5, 1915, was a member of *Milwaukee Typographical Union No. 23,* which is a local branch of the International Typographical Union of North America and is composed of men in the printing and kindred trades.

It is a typical labor union, the principal objects and purposes of which are the betterment of its members in the way of wages, hours, and conditions of labor, etc., and as an incident of the organization it is provided by the by-laws of the local union that upon the death of a member in good standing the sum of $300 shall be paid to his legal heirs within thirty days after death.    A member is in good standing only when his monthly dues for the current month are paid. When his dues are paid he is given a *per capita* stamp for the current month, which is affixed to his working card.    It is also provided by the general laws of the order that members of subordinate unions shall stand suspended when four months in arrears for local or international dues or assessments.    As a condition for reinstatement, all local and international typographical union dues and assessments due at the time of suspension, together with such international *per capita* tax and assessment as would have accrued at the time of reinstatement, must be paid, together with a reinstatement fee of $5.    Deceased was continually in arrears on his dues.    He seldom if ever had them paid so as to be in good standing in the union.    On one or two occasions he was more than four months in arrears, and if the laws of the order had been strictly enforced by the secretary of the local union to whom he paid his dues he would have been automatically suspended.    On such occasions, however, before it was necessary for the local secretary to make a report to the international union, deceased paid sufficient dues to main-

tain his membership in the order and the local secretary did
not report him as suspended.    As a rule, however, deceased
was from two to three months in arrears on his dues.    At
the time of his death he was two months in arrears.    Two
days after his death his dues were tendered to the local secre-
tary and accepted conditionally by him, but the fact of that
payment with the conditional acceptance is not urged here as
in and of itself entitling plaintiff to recover.

It is plaintiff's contention that the defendant has waived
the right to object to the payment of the $300 benefit fund by
reason of such course of dealing with the deceased in permit-
ting him to pay his dues in the manner above indicated, in-
voking the rule stated in *Ramsey v. Travelers' P. Asso.* 147
Wis. 405, 133 N. W. 634, and many other cases, that

"Where the conduct of an insurance company with refer-
ence to strict observance on the part of the assured of the
agreement as to payment of dues, or payment in the particu-
lar manner stipulated, is such as, naturally to, and that it in
fact does, cause the assured to believe that such perform-
ance will not be insisted upon, but that variances therefrom,
within the limitations suggested by such conduct, will be re-
garded by the company as sufficient performance to preserve
the integrity of the agreement,—it will be conclusively pre-
sumed that the minds of the parties met upon that basis, dis-
placing, to that extent, the letter of the contract; this upon
the equitable doctrine of estoppel *in pais.*"

If plaintiff's right to recovery depended upon the question
of whether deceased were a member of the order it might be
necessary to consider whether the principle just quoted is ap-
plicable in view of the fact that the local secretary, by his
conduct on the few occasions, waived those provisions of the
constitution and by-laws of the order which automatically
operated to suspend him as a member thereof.    However,
his mere membership in the order is not sufficient to entitle
his legal representatives to this benefit fund.    It is plainly
provided that said benefit fund shall be paid to the legal heirs
of those who at the time of death were in good standing, and

we are referred to no conduct on the part of the defendant or any of its officers which in any way estops it to deny that deceased was in good standing. Defendant and its officers were under obligations to accept the payment of his dues at the times they were tendered. Deceased had a right to be in arrears on his dues if he saw fit. In other words, he had a right to perpetuate his membership in the order by making payment of his dues in time to prevent his automatic suspension and defendant could not refuse to accept the dues at such times. The principle relied upon by the plaintiff above referred to is not applicable here because there was no course of dealing between deceased and defendant leading him to believe that he could maintain his good standing in the union in any other manner than that provided by the by-laws of the union, which required his dues to be paid for the current month. It follows that the judgment of the civil court should have been reversed and that the circuit court erred in affirming it.

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings according to law.

KERWIN and ROSENBERRY, JJ., took no part.