BRUTON *v.* BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEERS.

(Division B. April 20, 1936.)

[167 So. 423. No. 32175.]

W. H. Cox, of Jackson, for appellant.

**J. Morgan Stevens** and **J. M. Stevens, Jr.,** both of Jackson, for appellee.

230

**Ethridge, P. J.**, delivered the opinion of the court.

Mrs. Carrie Bruton, as beneficiary under a certificate issued by the appellees, filed a declaration alleging that her husband, Washington I. Bruton, a former member of

the brotherhood and holding the certificate sued on, departed this life on September 28, 1933, while said policy of insurance was in full force and effect; that the insured had performed all conditions and obligations on his part under said policy of insurance; that the appellee wrongfully declined to furnish her blank forms for proof of death of the insured; and that on account of said certificate the appellant is entitled to recover three thousand dollars. There was also a second count in the declaration which averred that the appellee is a so-called fraternal benefit insurance association, a quasi corporation, with its domicile and principal place of business located in Cleveland, Ohio; that it has an agent, E. L. Lancaster of Jackson, Miss., upon whom process could be served; that the appellee, through its agents and representatives, executed its beneficiary certificate No. 266543, made an exhibit to the declaration, and that the insured paid the appellee, in premiums and assessments, under said policy of insurance, in excess of nine hundred dollars; that the cash surrender value and cash reserve of said policy was in excess of the aggregate premiums and assessments against said policy from said date through September 28, 1933, when the insured died, and that the appellee had in its hands enough money of the insured to take care of the premiums.

To this declaration the appellee filed a plea of the general issue and two special pleas. Under special plea No. 1, the appellee pleaded that it is a fraternal benefit society operating on the lodge system, with ritualistic form of work and a representative form of government, and, as such beneficiary society, the certificate of insurance sued on and the by-laws and constitution in existence at the time the certificate was issued and as thereafter amended and changed constituted a contract; that the certificate states on its face that it is issued upon the express condition that the constitution of the brotherhood was a part thereof and might be altered and amended at any time, and that the contract provided that members

should keep themselves in good standing in the brotherhood and pay all dues and assessments and perform all other duties of membership as required by the constitution; that said Washington I. Bruton was required to pay all dues and assessments to the financial secretary of the lodge at McComb, Miss., on or before the first day of each month, by virtue of article 12, section 56, page 217, of the constitution in force and effect at the time, which provided in part as follows: "On or before the first day of the month all members whose names appear on the rolls of the Lodges when assessments are due, except as provided in article 13, section 7, paragraph (a), shall pay to the financial secretary of the lodge the amount of all legally authorized assessments; provided that members shall be exempt from assessments for the month in which they are initiated." Under article 12, section 57, a member failing or declining to make payment of his dues and assessments shall stand expelled, and no action of the lodge shall be required to give effect to said expulsion, and same becomes effective on the second day of the month. It also provides that no member will be entitled to receive, from any source, notice of expulsion for nonpayment of assessments.

It was a custom of the brotherhood, on the payment of dues for one month, to mark in the upper left-hand corner of the receipt therefor the amount due for the succeeding month. Washington I. Bruton paid the July 1, 1932, assessment, and his receipt therefor showed payment for the sum so paid, and also the amount due on August 1, 1932. He failed to pay the assessment on August 1, 1932, or any subsequent month, and, under the provisions of the by-laws of the brotherhood, he stood expelled from said order on August 2, 1932.

From the testimony of some of the members of the local lodge it appears that, after the insured's failure to pay his said assessment, and after, by virtue of the by-laws, he stood expelled from the order, he was reminded of his failure to pay said assessment, and urged

to reinstate himself under the rules and regulations of the brotherhood, which he failed and refused to do.

There is no sufficient showing that the cash surrender value or surplus was sufficient to continue to pay the premiums due by members. By failing to pay his assessment, the insured ceased to become a member, and ceased to be entitled to the benefits under the certificate.

It is urged as a defense against the operation of this provision of expulsion, ipso facto, that the dues for the various months are not the same, and that it was the duty of the brotherhood to give notice of the amount of dues correctly to the members prior to the time when the certificate would become forfeited, and that, in this case, there was no showing that such notice was actually given.

In appellee's original pleading it was set up that the amount due on August 1, 1932, was six dollars and fifteen cents, but this was amended after the proof was developed to show that the correct amount due for August, 1932, payment under the assessment was seven dollars and thirty-five cents, and the court permitted this amendment to be made.

So far as any proof shows, the insured did not tender any amount to the local secretary of the brotherhood whatever. As stated, the insured's receipt showed seven dollars and thirty-five cents to be the next payment due when he paid the July 1, 1932, assessment. It was the duty of the insured either to pay this amount or, if it was deemed incorrect, to tender what was a correct amount. There is no proof that he did either, but, on the contrary, the proof shows that he did not pay the assessment. Under this proof, the court granted a peremptory instruction for the brotherhood.

It is urged that the brotherhood is not entitled to rely upon the provisions in its certificate, constitution, and by-laws, because it has not constituted the insurance commissioner of the state, or any other person, as its agent upon whom process can be served, and therefore

is not entitled to the benefits of law as a fraternal society operating under the lodge system, with ritualistic work and a representative form of government.

We do not think this contention is sound. Under the provisions of the certificate, constitution, and by-laws, the rights of the appellant are fixed, and the liability of the appellee is also fixed, and the appellee is brought into court by process served upon its local representative, and has appeared in court to answer the demand of the appellant. There is no basis of recovery on the part of the appellant, except as found in the certificate, constitution, and by-laws, or in some law of this state.

We think there was a failure on the part of the appellant to make out a case, and the judgment of the court will therefore be affirmed.

Affirmed.