Margaret Taugner, Appellant, v. George Kidd, Appellee.

Gen. No. 39,429.

Heard in the first division of this court for the first district at the April term, 1937. Opinion filed June 14, 1937.

KELNER & KELNER and BENJAMIN BASS, all of Chicago, for appellant.

Ross & Berchem, of Chicago, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought suit against defendant to recover $400 claimed as a death benefit due her from defendant union of which her husband had been a member. The facts were stipulated; the court found in favor of defendant; judgment was entered accordingly and plaintiff appeals.

The stipulated facts are that Andrew Taugner became a member of the defendant Truck Drivers and Chauffeurs Union Local 705 in 1923, and continued to be a member until the time of his death, December 25, 1935. He paid his monthly dues of $3 a month from the time he became a member until December 31, 1935, which was about six days after his death. Defendant refused to pay the death benefit of $400, contending that Taugner was not in continuous good standing in the union for three months prior to his death, as the by-laws of the union required. Section 25 of the by-laws provides: "Dues of the Union shall not be less than $3.00 per month, payable on or before the first day of each month." And the stipulated facts show that from March, 1930, Taugner did not promptly pay his dues on the first of each month but was often two and three months late, but had never been suspended. October 10, 1935, he paid his August, September and October dues, and on November 27th paid his November and December dues for the balance of the year; and as stated he died on December 25, 1935.

In their brief counsel for the union say that the stipulated facts show that Taugner was not in continuous good standing for three months prior to his death. They state their position to be, "Since 'good standing' implies prompt payment of dues on or before the first of the month, and since the Stipulated Facts show that

October dues were not paid until October 10th (Taugner having died *less* than three months thereafter), it follows that Taugner was *not* in continuous good standing for the three months immediately preceding his death, and that, therefore, no death benefit is payable.''

The pertinent parts of the by-laws provide, ''All members who are three months in arrears for dues shall stand suspended and deprived of all rights and privileges of membership but can be reinstated upon payment of amount of dues. Any member failing to be reinstated during the fourth month shall pay a reinstatement fee of $5.00 in addition to the amount due. . . .

''A member must be in continuous good standing three months prior to sickness or death, before a benefit can be paid.

''The first three months after becoming a member, . . . no benefit will be paid; thereafter the benefits will be from three to the end of six months, $100.00; after six months to the end of twelve months, $200.00; thereafter, $400.00.

''A death benefit will be paid providing the member was in good standing.

''A member owing the month's dues previous to his sickness shall be debarred from all benefits.''

And it is further stipulated that if defendant union is liable, $400 is payable to plaintiff.

Counsel for defendant say that Taugner throughout the years he was a member of the union paid his dues late; that for this reason he continued to be a member of the union but ''not a member entitled to receive benefits . . . he retained his *membership,* but *not benefit standing,*'' and in support of this the cases of *Wall v. Brotherhood of Painters,* 165 Ill. App. 59, and *Stehlik v. Milwaukee Typographical Union,* 169 Wis. 65, were cited and relied upon.

In the *Wall* case Julia Wall, widow of Henry Wall, who had been for many years a member of the union, brought suit to recover benefits claimed to be due her on account of his membership in the union. He died May 7, 1909. Plaintiff had a judgment in her favor which was reversed. The court referred to the constitution of the union and said (pp. 60–61) : ''Section 93 of the constitution gives the wife of a full beneficial member at his death a benefit of $250 on a membership of between seven and ten years, 'provided the member has not been indebted for an amount equal to 3 months dues, but has been in continuous good standing during the period immediately preceding his death.' '' In that case the dues were payable on the first Wednesday of each month. The December dues were not paid until the following March 3rd. The January and February dues were paid March 31 and the March dues April 21, but the record showed no payment of a reinstatement fee. The court said (p. 61) : ''March 3, 1909, when the payment for March was due, the dues for the three preceding months had not been paid. The 46th section of the constitution provides: 'Any member indebted for 3 months' dues shall stand suspended, a vote of the L. U. not being required to suspend him.' '' And continuing (p. 62) : ''There is nothing in the record to show that it was intended by accepting the payments to waive the requirements of section 46 of the constitution, which provides: 'A suspended member shall not again be placed in benefits until 6 months from the date of settling in full all arrearages.' . . . Such reinstatement, by section 46, precluded him from benefits for the period of 6 months thereafter, within which time he died.'' We think it is clear that this case is not in point. There is no provision in the by-laws of defendant union that is at all similar to section 46 of the constitution in the *Wall* case. That section provided that a member who was indebted for three months dues was

*ipso facto* suspended, and it further provided that a suspended member should not again be entitled to receive benefits until six months after he was reinstated. The by-law of the union in the case before us provides that all members who are three months in arrears for dues shall stand suspended but can be reinstated upon payment of amount of dues. And there is no provision that after his reinstatement he shall not be entitled to benefits for a period of six months, as was the situation in the *Wall* case.

In the *Stehlik* case (169 Wis. 65) suit was brought by the administratrix of a deceased member of a typographical union to recover a death benefit payable only in case the member was in "good standing," and this was so only when his dues for the current month were paid. At the time of his death he was two months in arrears and it was held that no recovery could be had. It is clear that the facts are not similar to the facts in the instant case. Here the dues were paid for the entire month of December, 1935, and the member died the 25th of that month.

There is no provision in the by-laws of defendant union that provides that a member of the union may continue to be such and no one be entitled to the sick or death benefits payable; obviously, we ought not to read such a provision into the by-laws. *Dugan v. International Ass'n of Bridge and Structural Iron Workers,* 202 Ill. App. 308. In passing on the by-laws of the defendant in that case we said they should be "liberally construed [in favor of a claimant] and in case of an attempt by a society to declare a forfeiture will be most strictly construed." *Coverdale v. Royal Arcanum,* 193 Ill. 91. A section of the by-laws which we have above quoted provides: "A death benefit will be paid providing the member was in good standing." It will be noted that the only qualification is that a member be in good standing.

Another by-law provides that "A member must be in continuous good standing three months prior to sickness or death, before a benefit can be paid." We think this means that a member must belong to the union for three months before a sick or death benefit is payable, or, if he has been suspended and reinstated he must continuously be in good standing for three months after such reinstatement. This appears from a by-law which follows the one last quoted; it provides, "The first three months after becoming a member, either by paying initiation, transfer card or returning on withdrawal card, no benefit will be paid."

Substantially the same contentions made in the instant case were advanced in *Olszewski v. Fitchie*, 287 Ill. 452, and it was held that the widow of a deceased member of the Milk Wagon Driver's Union was entitled to a death benefit. We agree with what was said in that opinion and with the result reached. We hold that plaintiff, the widow of the deceased union member, was entitled to recover $400 as death benefit.

The judgment of the superior court of Cook county is reversed and judgment will be entered in this court in plaintiff's favor and against the defendant for $400.

*Judgment reversed and judgment for plaintiff in this court.*

MATCHETT, P. J., and McSURELY, J., concur.