TILLIE BEROTH, Plaintiff, *v.* ELECTRICAL WORKERS BENEFIT ASSOCIATION, Defendant.

Municipal Court of New York, Borough of Bronx, Second District, February 9, 1938.

*Joseph Apfel*, for the plaintiff.

*Harold Stern*, for the defendant.

LYMAN, J. This is an action brought by the widow of the deceased to recover the sum of $1,000 under a certificate of insurance issued by the defendant association. The defendant contends that no liability exists because the deceased was dropped from the association prior to the date of his death on February 4, 1935, and further contends that due and timely notice of death was not given.

The by-laws of the association provide that a member who fails to pay dues for three months is suspended, and if indebted for six months is dropped from membership from both the local union and the international brotherhood, and is not entitled to the benefits of the association. It appears that the last date on which dues were paid by the deceased was on April 2, 1932, and that from that date until July 31, 1934, the executive board of the local union advanced his dues. It is undisputed that these advances were entirely voluntary on the part of the board. It is also undisputed that the notice was not timely. From these undisputed facts standing alone it is clear that the deceased, who voluntarily made himself subject to the by-laws of the defendant association and the conditions of the certificate, would not be entitled to the benefits. (*Whiteside* v. *North American Accident Ins. Co.*, 200 N. Y. 320; *Evans* v. *Supreme Council, Royal Arcanum*, 223 id. 497.)

The plaintiff contends, however, that the defendant is estopped from setting up the non-payment of dues and the suspension, and in addition claims that the provision as to due and timely notice was waived. It is urged that by the voluntary assumption of payments by the local union a duty was created to advise the deceased when these payments were discontinued, and that because of this failure to so advise there is an estoppel. It is contended that there was a duty imposed by section 92 of the Insurance Law of the State of New York upon the defendant to give notice of non-payment, and by its failure to so do it is prevented from claiming a forfeiture.

The defendant association is a fraternal benefit association and as such is subject to section 230 of the Insurance Law, which section specifically exempts it from the provisions of section 92. (*Bopple* v. *Supreme Tent*, 18 App. Div. 488.) Section 230 does not require notice to be sent before a forfeiture can be invoked.

The plaintiff has failed to show any facts which would justify this court in finding that there was an estoppel. The deceased was obligated to pay his dues. The payments made by the local union were entirely voluntary, and the assumption by the local union of these payments could not possibly have induced the deceased to change his position. His obligation remained. The payment of dues was a condition precedent to any right of recovery on the certificate of insurance. (*Wheeler* v. *Connecticut Mutual Life Ins. Co.*, 82 N. Y. 543.) In the last cited case the court held, in denying an application in equity to prevent the enforcement of a forfeiture clause, that the insanity of the insured did not excuse the non-payment of premiums, enunciating the rule that where a person contracted to do an act not impossible or unlawful at the time neither inevitable accident nor other unforeseen contingencies not within his control will excuse him. The record in this case fails to disclose any legal excuse for non-payment which would justify this court in holding that there was no forfeiture, nor does it disclose any other facts upon which liability could be predicated. For these reasons alone recovery should be denied, but an additional ground exists for such denial.

It is undisputed that the notice was not timely but it was retained by the defendant. It is claimed that this retention operated as a waiver. In order to constitute a waiver there must be some reliance. (*Wachtel* v. *Equitable Life Assur. Soc.*, 266 N. Y. 345.) The principle to be gathered from the decision is that there is no waiver unless the assurer, by its conduct, has led the assured or beneficiary to believe that compliance with a certain condition is unnecessary. Thus the assurer, by an unqualified rejection of a claim on the grounds that the policy had lapsed, might waive the requirement of timely and proper proof of loss. (*Goodwin* v. *Massachusetts Mutual Life Ins. Co.*, 73 N. Y. 480.) The plaintiff cites in support of her position *Weed* v. *Hamburg-Bremen Fire Ins. Co.* (133 N. Y. 304). That case merely stands for the proposition that when a policy provides that a notice be sent forthwith, a notice sent nineteen days after loss is sufficient compliance. There is dictum in the case that the retention of a notice might constitute a waiver, but the facts show there had been some reliance on the retention.

The record in this case is barren of any evidence of conduct by the defendant which would justify a conclusion that there was a waiver, other than the evidence of the retention of the notice, which fact, under this court's interpretation of the existing law, would not warrant the conclusion that there was a waiver in law or in fact.

Judgment for the defendant.