## CARROLL v INDUST. COMM.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3110.   Decided Feb. 2, 1940

B. B. Bridge, Columbus, for plaintiff-appellant.

Ralph J. Bartlett, Prosecuting Attorney, Columbus, and Edmund B. Paxton, Asst. Pros. Atty., Columbus, for defendant-appellee.

### OPINION

By GEIGER, J.

This matter is before this Court on appeal on question of law from a judgment rendered and final order made by the Court of Common Pleas.

Edward D. Carroll, plaintiff, who will hereafter be referred to as claimant, filed a petition against the Industrial Commission of Ohio, alleging preliminary matters and stating that while in the course of his employment he sustained a burn in his hands while working with cement; that as a direct result thereof infection developed and he was totally disabled for a period in excess of seven days. He alleges that the other matters incident to his claim entitled him to a trial in the Common Pleas Court. The defendant, who will be designated as the Commission, answered, admitting the employment of the claimant and that on or about November 24, 1936, he filed an application for compensation. The Commission also admits the other preliminary matters and denies all other allegations.

The cause was submitted to the Court without the intervention of a jury and the Court found in favor of the Commission and judgment was so entered.

### THE FACTS

The claimant on the 8th day of June, 1936, was employed as a stone mason working on the construction of a building. He had been a stone mason for more than forty years. On the evening of June 8th, 1936, upon arriving home he noticed a stinging sensation in his arms and hands and afterwards noticed blisters. He testified that in the course of his employment on the day in question and thereafter his hands came in contact from time to time with cement which was used in laying the stone. His employment on June 8th followed a temporary lay-off. In September, he consulted a doctor about the condition of his arms and hands and the doctor diagnosed the condition as dermatitis and upon information given by the claimant to him termed it cement dermatitis. Thereupon the claimant filed his application for compensation for an accidental injury from which his then condition resulted. The claim was denied and the claimant appealed with the result above indicated.

Assignments of error are filed, all of which relate to the claim that the finding of the trial court was against the manifest weight of the evidence.

In the case at bar the cause was tried by the Court without the intervention of a jury and therefore no question arises as to error either in directing a verdict or in the charge to a jury.

All the evidence in this case was taken at the hearing before the Commission.

The claimant, Mr. Carroll, testified that he was working on the 8th day of June, 1936, a hot day; that his hands and face felt like they were on fire that evening, and that after washing his hands he discovered little white blisters all over his arms, which did not get better but worse; that in September he consulted the doctor who, upon examination advised him to lay off for three months; that during the time he was employed on account of the condition of his hands, he suffered a broken rib which did not bother him much, but that he had a rash like he had smallpox and was not able to return to work until March, 1937; that he had never been so afflicted before in his work as a mason; that on the day in question he had to handle with his trowel lime cement which came in contact with his hands which were perspiring freely.

On cross-examination claimant was somewhat confused as to the time he had first consulted the doctor, but finally fixed upon the date of September 20th. He states that his rib was broken the 28th of September.

There is further confusion as shown on Page 17, as to the time when the blisters broke out. These apparent contradictions as to time do not affect the proper determination of the case.

Dr. Clifford testified that he first saw the claimant on September 20th, 1936, when he had a severe dermatitis over both hands and arms which became progressively worse and which he diagnosed as cement dermatitis, which is an irritation of the skin due to cement, which is poison to some people. It is probably the lime that gets into the pores and works under the skin, lime being a caustic; that he was quite sure from the history he gave that his condition was due to cement poisoning; that in the absence of the history disclosing the contact with the cement the dermatitis could be of many types; that the fact that the day he started to work was very hot would open the pores allowing the cement to better get into the skin.

We have examined many cases, some of which we cite.

**Renkel v Industrial Commission, 109 Oh St 152,** holds that "diseases contracted in the course of employment, and not occasioned by or the result of a physical injury are not compensable as 'injuries'." Citing **Industrial Com. v Cross, 104 Oh St 561,** where it is held that the term "injury" does not include diseases which are contracted as distinguished from diseases which are occasioned by or follow as a result of physical injury.

**Commission v Weimer, 124 Oh St 50,** opinion by the Court at p. 52:

"This court has repeatedly ruled upon the question of the need of establishing physical injury or trauma in order to recover under the Workmen's Compensation Act."

holding that the term "injury" does not include disease as distinguished from diseases which follow as the result of a physical injury.

**Commission v Franken, 126 Oh St 299,** holds:

"The term 'injury' as used in the Workmen's Compensation Law of Ohio comprehends only such injuries as are accidental in their origin and cause."

**Commission v Lombert, 126 Oh St 501,** holds:

"Unless a claimant's condition is the result of a physical injury, it is not compensable under the Workmen's Compensation Law of Ohio."

In **Goodman v Commission, 135 Oh St. 81,** at p. 82, we find:

"Whatever the rule in other jurisdictions may be, the Supreme Court of Ohio, through a long line of decisions, has consistently, defined the meaning of the term 'injury' as used in the Constitution and Statutes to be physical or traumatic injuries accidental in their origin and cause; the result of a sudden happening at a particular time."

**Jasionowski v Commission, 22 Oh Ap 112,** holds:

"Infection of cold sore caused by rubbing face with hands while handling carbon paper, held 'injury' within the Workmen's Compensation Law."

Physician's affidavit that sore became infected, though hearsay, must be considered by the Industrial Commission, and such evidence should be submitted to the jury.

**Industrial Commission of Ohio v Tolson et, 37 Oh Ap 282,** holds:

"Whether death of mine employee was result of monoxide gas prevalent in the mine after blast was fired for the purpose of mining coal, held for jury."

"The monoxide gas poisoning suffered by mine employee was 'accidental' with compensation law."

"Mine employee died as result of monoxide poisoning sustained 'accidental injury'."

The latest pronouncement of the Supreme Court in **Goodman v Industrial Commission, 135 Oh St 82,** defines the word, "injury" to be "physical or traumatic injuries accidental in their origin and cause; the result of a sudden happening at a particular time."

We have heretofore had occasion to point out that the word "accidental" or "accident" does not appear in either the Constitution or the statutes. **Art. II, Sec. 35, Ohio Constitution,** provides, "for the purpose of providing compensation to workmen and their decedents for death, injury or occupational disease occasioned in the course of such workmen's employment."

**Sec. 1465-68, GC,** provides:

"Every employee mentioned in §1465-61 who is injured and the dependents of such as are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely inflicted," etc.

The only qualification there is in §1465-68 of the injury is that it must be in the course of employment and not purposely self-inflicted. There is nothing in either the Constitution or the statute referring to the word "accidental". We are of the opinion that the use of this word arose when the Court was differentiating an injury from occupational diseases. It first appears, so far as we are informed, in the case of **Commission v Brown, 92 Oh St 309,** in which it is stated that under provisions of the original Workmen's Compensation Act a state insurance fund was created from which to provide compensation for death or injury "resulting from accidents". From then forward there arose a line of cases in which, in order to entitle the workmen to recover, the injury must have been "accidental".

The statement made in **135 Oh St 82,** also is to the effect that the injuries must be physical or "traumatic" in their origin and cause.

"Traumatic" means of or pertaining to or due to a wound or injury. This Court has had occasion to pass upon the right of a workman to recover from an injury due to sunstroke. See **Crawford v Industrial Commission, 13 Abs 185; Rettig v Commission, 24 Abs 579; Aurand v Commission, 24 Abs 113.** In all these cases this Court has sustained the right to recover due to excessive heat or sunstroke. We do not perceive that such an injury is one that is properly designated "traumatic" or due to a wound or injury, unless we say that a sunstroke inflicts a wound or an injury.

A very interesting case carefully considered is that of **Commission v Luger, 22 Abs 20,** the decision being by this Court.

It appears to us that well considered cases have not adhered to the theory that the injury must be either "traumatic" or "accidental".

In **Jasionowski v Commission, 22 Oh Ap 112,** the infection of a cold sore caused the death.

The case of **Commission v Cross, 104 Oh St 561,** is interesting in its discus-

sion and it is there held that typhoid fever is not within the word "injury".

It would be without purpose to further quote from the inconsistent holdings of the Courts as to what is an "injury" that is compensable.

Turning to the case at bar we find that the workman in the course of his employment, after a period of unemployment, began his labor as a skilled mason and during the first day of his re-employment his hands came in contact with cement which contained lime and immediately developed blisters which progressed from his hands to his arms and to the rest of his body. If this were an occupational disease there could be no recovery for the reason that it is not mentioned as one for which compensation is allowed. However, the physician's testimony is to the effect that for certain individuals a cement containing lime is a poison when it passes through the pores of the skin unusually dilated on account of the hot weather prevailing at the time. There was no trauma in the ordinary sense of the word unless we regard absorption through the open pores of the skin of a poisonous substance as being an injury or wound. It might be claimed that it is as much an injury or wound as the injury inflicted by sunstroke or the injury resulting from inhalation of carbon monoxide gas or of any poison to which the workman may have been subjected which resulted in his injury and possible death. In this case as in many others where compensation has been allowed, there was no wound in the ordinary acceptation of the term, unless we consider that when the poisonous substance penetrated the outer covering of the skin that it "wounded" the workman as was evidenced by the blisters that were developed and later spread to other portions of his body. It will be observed that the physician in this case is quite positive that the workman's condition arose from cement dermatitis and we heard nothing from the Commission denying this. The physician did not express any doubt. It is true that his diagnosis had to be aided by the hearsay testimony of the in-

jured person, making a statement as to what caused his condition. The consideration of this, however, is sanctioned by the decision above quoted in reference to hearsay testimony. **Jasionowski v Commission, 22 Oh Ap 112.**

Whatever may have been our view had we been hearing this case as triers of the fact, we are confronted with a situation in which a court, sitting as a jury, has arrived at the conclusion that the claimant has no right to recover. The Court having done this, we do not feel justified as a reviewing Court to disturb his conclusion.

Judgment affirmed.

HORNBECK, PJ., concurs in judgment. BARNES, J., concurs.