## ELIZABETH WAIT v. JOURNEYMEN BARBERS' INTERNATIONAL UNION OF AMERICA AND ANOTHER.[1]

April 25, 1941.

No. 32,722.

[1]Reported in 297 N. W. 630.

*Erickson, Osterlind, Seeger, Young & Gunn,* for appellant.
*John I. Levin,* for respondent.

GALLAGHER, CHIEF JUSTICE.

This is an action to recover death benefits based on decedent's membership in defendant associations. The trial court made findings in plaintiff's favor against defendant Journeymen Barbers' International Union of America and dismissed the action as to defendant Journeymen Barbers' Union, Local No. 31. The International appeals from an order denying its motion for amended findings or for a new trial.

The International is a fraternal labor organization providing occupational, social, and fraternal benefits to its members. It has a constitution which governs the relationship between the union and its members. Journeymen Barbers' Union, Local No. 31, St. Paul, Minnesota, is a local organization chartered by the International.

James P. Wait, a member of defendant associations, died on February 26, 1939. On March 1, 1939, plaintiff, as his widow and legal beneficiary, made demand on the Local for payment of death benefits. Defendants refused payment on the ground that decedent had not paid his dues for the months of November, 1938, and January and February, 1939, and therefore was not a member in benefit standing at the time of his death.

The case was tried on the pleadings, records, and an agreed statement of facts, from which the court made the following material findings: That Wait became a member of defendant organization on July 14, 1919, and continued to be an active beneficiary member and a continuous contributor to the Local and International until on or about August 31, 1936, when he was suspended from membership because of delinquency in the payment of dues; that on June 1, 1937, he was readmitted as a member; that there-

after he continued to be an active beneficiary member and a continuous contributor to the Local and International until his death on February 26, 1939; that he made monthly payment of dues of two dollars per month to the Local; that said payments were made irregularly but always within 60 days from due date; that in numerous instances over a period of years prior to February 26, 1939, not exceeding one-third of the members were permitted to pay their dues at irregular times after the due date; that said custom and practice of accepting dues from members, including Wait, after the due date was known to defendants and that Wait was justified in believing, and did believe, that payment of dues need not be made in strict compliance with the constitution; that the payment by Wait of dues at irregular periods after the due date and the acceptance thereof by defendants were with the intent and understanding that Wait thereby retained his rights to be and remain in benefit standing; that defendants by their actions waived strict compliance with the constitution and their rights to have said dues paid regularly on the first day of each month and are now estopped from asserting to the contrary.

The court also found that no formal claim for death benefits was forwarded to the general secretary-treasurer of the International within 90 days from the date of Wait's death but that defendants waived strict compliance with the provision of its constitution in that respect in denying payment of the claim on the ground that Wait had not paid his dues on time and in failing seasonably to furnish plaintiff with information in its possession in reference to the status of decedent's dues and are therefore estopped to assert to the contrary; that Wait was in benefit standing at the time of his death; that the per capita tax due the International was paid; and that at the time of his death Wait had been a continuous contributing member for more than 15 years. Judgment was ordered for plaintiff for $500 with interest and costs.

On this appeal defendant contends (1) that because of decedent's failure to pay his February, 1939, dues on or before February 1 he was not a member in benefit standing in defendant organ-

izations at the time of his death; (2) that if he was a member in benefit standing at the time of his death a proper claim for death benefits was not submitted to the International in accordance with its constitution; and (3) that if decedent was a member in benefit standing at the time of his death and a proper claim for death benefits was submitted, defendant is not liable for an amount exceeding $100.

■ In support of its claim that decedent was not a member in benefit standing at the time of his death, defendant relies upon the following provisions of its constitution: Article XVII, Section 1, which provides:

"Every active beneficiary member must pay to his local union not less than $1.50 per month, and it shall be the absolute duty of said member to see that the Secretary receives the dues on or before the first day of the month for which they are due, except when the first day of the month falls on Sunday or a holiday, when the following day shall be considered the first. No member shall be entitled to benefits unless dues are paid as herein provided for, notwithstanding any custom to the contrary that may be followed in any local union.

"Example: Dues for the month of March must be paid on or before March 1, April dues on or before April 1, etc.

"The acceptance of dues by the local after the date on which the same become due shall not, in spite of any custom or habit to the contrary, be deemed a waiver of the requirement to pay dues on or before the first day of the month and shall in no event entitle such member to sick or death benefits. Express notice is hereby given every member and every beneficiary of every member that neither sick nor death benefits will be paid in any case where dues have not been paid strictly in accordance with the provisions of this Constitution."

Article V, Section 3, which provides:

"No member either active or non-active shall be entitled to sick benefits for a sickness beginning during a month in which dues

are not paid in accordance with Article XVII, Section 1, and dues shall be paid in accordance with Article XVII, Section 1 (on or before the first day of each month) during entire duration of sickness. Failure to pay dues as prescribed during sickness shall suspend said member from sick benefits during the entire duration of such sickness or from payment of death benefits in event of death. If default is made in the payment of dues, the subsequent acceptance of dues by the local union or the officers of said local union shall not reinstate the member to benefit standing."

Article V, Section 12, which provides:

"Any member who is suspended from benefits by the non-payment of dues cannot, by paying same, be entitled to benefits for a sickness commencing before the dues are paid. A member to be entitled to sick and death benefits shall pay dues on or before the first day of the month for which they are due. All local and International assessments, or fines, or any other local or International indebtedness, shall be charged as dues. No acceptance of dues by the local after their due date, regardless of habit or custom to the contrary, shall reinstate said member to such benefits."

Article X, Section 3, which provides:

"A member shall stand suspended on the last day of any month in which he is indebted to a local union for either dues, fines, assessments, or any other indebtedness, equal in amount to two months' dues. This, however, shall not preclude said member from being suspended from benefits at any time previous for failure to pay dues in conformity with Article XVII, Section 1. Any Secretary-Treasurer failing to enforce this section shall be fined $5.00 for each offense, and for failure to pay the same to the International Union within sixty days, said Secretary-Treasurer shall stand suspended."

Defendant concedes that Wait was a member of its organization on February 26, 1939, but contends that he was not in benefit standing because of his failure to pay his dues for February on or

before the first day of that month. It attempts to distinguish between membership and a member's right to benefits, and reasons that, while dues are paid to secure membership, the provisions with reference to sick and death benefits are things apart for which the member pays nothing—that they merely constitute the reward for prompt payment of dues and long-continued nondelinquent membership. It is difficult for us to reconcile that reasoning with the provisions of Article IV, Sections 1 and 3, of the constitution, which provide:

"The revenue of the International Union shall be derived as follows: From charter outfits $25.00 each in advance; from initiation fees, from readmittance fees, and retiring card fees on beneficiary members; from the sale of supplies, and from the per capita tax of eighty cents per month per member, based upon the membership from the first day of the month, to be paid to the General Secretary-Treasurer on or before the 25th day of the month.

&ast; &ast; &ast; &ast; &ast; &ast;

"The per capita tax levied by this Constitution shall be apportioned as follows: Fifteen cents for the general expenses and organizing fund; five cents for subscription of each bona fide member to the official JOURNAL; forty-eight cents to the benefit fund; five cents to the convention fund; two cents to the advertising and educational fund; and five cents to the emergency fund."

Reconciliation is not necessary, however, for this court has long been committed to a rule which warranted the trial court in concluding that defendant waived the provisions of the constitution upon which it now relies as a shield. The rule was first applied in Mueller v. Grand Grove, 69 Minn. 236, 242, 72 N. W. 48, 51, where this court in referring to a situation very similar to the one here involved said:

"If, then, he was permitted without objection to pay his dues at irregular intervals, this permission covering a period of more than three years, the subordinate grove accepting his money, with-

out the slightest objection, when he got ready to pay, there was a waiver of strict compliance with the various articles which required prompt payment. The subordinate grove had by its conduct led him to suppose and believe that a default of two or three months in any one payment would not affect his standing as a member, or his right and interest in the fund out of which his beneficiary would be paid in case of his decease. The defendant could not, after long-continued conduct of this nature, by which he was lulled into the conviction that his delay was unobjectionable and his good standing unaffected, suddenly, and without notice, insist upon the forfeiture, and that he was no longer in good standing, and had forfeited all rights and privileges."

The same principle was recognized in Richwine v. La Crosse Mut. Aid Assn. 76 Minn. 417, 79 N. W. 504; Hendrickson v. Grand Lodge, A. O. U. W. 120 Minn. 36, 138 N. W. 946; Behnke v. Modern Brotherhood, 167 Minn. 104, 208 N. W. 542; Gleason v. Duluth Nest Order of Owls, 183 Minn. 512, 237 N. W. 196; Trotter v. Grand Lodge, 132 Iowa, 513, 109 N. W. 1099, 7 L.R.A.(N.S.) 569, 11 Ann. Cas. 533; Sweetser v. Odd Fellows Mut. Aid Assn. 117 Ind. 97, 19 N. E. 722; Grand Lodge v. Lachmann, 199 Ill. 140, 64 N. E. 1022; Knights of Pythias v. Withers, 177 U. S. 260, 20 S. Ct. 611, 44 L. ed. 762; Georgia Masonic Mut. L. Ins. Co. v. Gibson, 52 Ga. 640; James v. Mutual Res. Fund L. Assn. 148 Mo. 1, 49 S. W. 978; Modern Woodmen v. Colman, 68 Neb. 660, 94 N. W. 814, 96 N. W. 154.

The point is raised that there is no showing that the International had notice of or acquiesced in the practice of the Local to permit payments to be made after the due date. In commenting upon that question in Hendrickson v. Grand Lodge, this court said (120 Minn. 41, 138 N. W. 948):

"In this case the only one ordained to receive the assessments was the financier, and the master workman was the officer whose duty it was to take care that payment of the sums collected was promptly remitted to the grand lodge. It would seem that these

officers, in accepting the assessments from the insured and remitting to defendant, are not mere machines, but do their work with reference to the rights and duties, not only of the members, but of defendant and the local lodge, to which they report in detail; and knowledge obtained in the performance of these duties is the knowledge of the local lodge and defendant.

"To hold otherwise would be to relieve the officers and agents of an association like defendant, and defendant also, of all responsibility, and throw it on its members. The officers of the local lodge are elected by the members because of confidence in their ability and integrity to represent the lodge and act for it in the discharge of their several duties."

In support of its present position defendant cites Journeymen Barbers' Int'l Union v. Hudson, Court of Appeals of Tennessee, Eastern Section (opinion filed April 6, 1940)[2]; Zillich v. Journeymen Barbers' Int'l Union, 57 Ohio App. 26, 11 N. E. (2d) 262; Westemeyer v. Journeymen Barbers' Int'l Union (Mo. App.) 77 S. W. (2d) 493; Bunge v. Brotherhood M. of W. Employees, 178 Wash. 33, 33 P. (2d) 383; Stehlik v. Milwaukee Typo. Union, 169 Wis. 65, 171 N. W. 753; Mix v. Amalgamated M. C. & B. Workers, 195 Wash. 595, 81 P. (2d) 823; Feldman v. Silk City Benevolent Assn. 122 N. J. L. 18, 4 A. (2d) 40; Beroth v. Electrical Workers Benefit Assn. 166 Misc. 212, 2 N. Y. S. (2d) 93; Sammel v. Myrup, (N. Y. Mun. Ct.) 12 N. Y. S. (2d) 217; Wall v. Brotherhood of Painters, 165 Ill. App. 59; Bruton v. Brotherhood of Locomotive F. & E. 176 Miss. 224, 167 So. 423; Cunningham v. United Assn. Journeymen Plumbers & Steam Fitters, 114 Conn. 309, 158 A. 807. We have examined all of these cases. Many of them are distinguishable. Some, particularly Journeymen Barbers' Int'l Union v. Hudson, Court of Appeals of Tennessee, Eastern Section (opinion filed April 6, 1940), and Zillich v. Journeymen Barbers' Int'l Union, 57 Ohio App. 26, 28, 11 N. E. (2d) 262, 263, appear to be out of harmony with the view we take, although the constitution

---

[2]Opinion not to be published.

in the latter case appears to contain a provision not found in the constitution here involved, to the effect that "dues paid after they have become delinquent shall be deemed to have been accepted merely for the purpose of enabling the member to place himself in good standing at a future time."

We are of the opinion that the association should not be per-mitted to insist upon a forfeiture of the right to death benefits because of decedent's failure to pay his dues on the first day of the month in which he died in view of its knowledge of the long-estab-lished custom and practice of its agent, the Local, of permitting members to pay and of accepting payment of dues after the due date, and its acquiescence therein. While delinquent in the pay-ment of his February, 1939, dues, Wait was not in default at the time of his death. His dues for February had been paid and accepted by defendant.

It is a universally recognized doctrine that forfeitures are not favored in the law and that courts will be vigilant to discover and give effect to any act or circumstance from which it may fairly be argued that an insurer has waived the right to strict and literal performance by the assured or upon which an estoppel against such a defense may be founded. No reason exists why a less favorable rule should obtain in construing contracts or con-stitutions of fraternal or labor organizations. Trotter v. Grand Lodge, 132 Iowa, 513, 109 N. W. 1099, 7 L.R.A.(N.S.) 569, 11 Ann. Cas. 533. If there should be any difference in construing such contracts it should be in favor of members of fraternal and labor organizations. Trotter v. Grand Lodge, *supra;* Murphy v. Inde-pendent Order S. & D. of Jacob, 77 Miss. 830, 27 So. 624, 50 L. R. A. 111; Modern Woodmen v. Colman, 68 Neb. 660, 94 N. W. 814, 96 N. W. 154, *supra.*

■ In support of its position that even though Wait was a mem-ber in benefit standing at the time of his death recovery cannot be had because of plaintiff's failure properly to file a claim for death benefits, defendant relies upon Article V, Section 17, of its constitution, which provides:

"All claims for death benefits shall be accompanied by a physician's or coroner's certificate and must be forwarded to the General Secretary-Treasurer within ninety (90) days from the date of the death of the member; also certificates designating who is the legal beneficiary, and the benefits prescribed in Section 16, Article V, shall be made payable to such person or decedent's estate."

The trial court found that defendant waived compliance with this provision of the constitution by repudiating the claim and delaying for an unreasonable length of time to furnish plaintiff information as to the status of decedent's dues. On the record presented to us we believe the trial court was right. There is ample authority to sustain that position. Mueller v. Grand Grove, 69 Minn. 236, 72 N. W. 48; Marcus v. National Council, 127 Minn. 196, 149 N. W. 197; Kelly v. Ancient Order of Hibernians, 113 Minn. 355, 129 N. W. 846.

■ The final point made by defendant is that if plaintiff is entitled to recover, her recovery under Article V, Section 16, of the constitution is limited to $100. This provision reads:

"Upon the death of a member who is in benefit standing and has been a continuous contributing member to the International Union for at least one year, the following death benefits shall be paid: From one (1) year to two (2) years, one hundred ($100.00) dollars; from two (2) years to five (5) years, one hundred fifty ($150.00) dollars; from five (5) years to ten (10) years, two hundred ($200.00) dollars; from ten (10) years to fifteen (15) years, three hundred and fifty ($350.00) dollars; all over fifteen (15) years, five hundred ($500.00) dollars."

Construing the provision most favorably to plaintiff, as we must, it is apparent that decedent had been a continuous contributing member for more than 15 years and therefore that plaintiff is entitled to recover the maximum of $500. We find nothing in the constitution requiring a member to be a continuous contributing member for more than 15 years immediately prior to death in

order to permit recovery for the full amount. We so construe Article V, Section 16, of the constitution.

The order appealed from is affirmed.

[1]Reported in 297 N. W. 627.