### EMMA C. KOENIG v. JOURNEYMEN BARBERS, HAIR-DRESSERS & COSMETOLOGISTS INTERNATIONAL UNION OF AMERICA AND ANOTHER.[1]

October 26, 1945.

No. 34,062.

[1]Reported in 20 N. W. (2d) 332.

*Paul D. Schriber,* for appellant.
*Edward C. Mattimore,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff, as the representative of the estate of her deceased husband, brought this action to recover death benefits based on decedent's membership in defendant unions. As to the local union, the court dismissed the action. She prevailed below as to International, and it appeals from an order denying its blended motion for amended findings or a new trial. Of course, insofar as the appeal seeks to review that part of the order denying amended findings, the attempt is unavailing. The only problem here must be based upon its motion for a new trial. So the question is whether the evidence sustains the conclusion of law that defendant is liable in the amount fixed by the trial court.

In all essential respects the facts in this case are the same as those that were before this court in Wait v. Journeymen Barbers' International Union, 210 Minn. 180, 297 N. W. 630. We have the same defendant and the same constitution in this case as we had there.

Decedent became a member of the local organization in February 1911, and he remained so in good standing until October 1930, a period of more than 19 years. He then requested a "retiring card," which was duly granted. In August 1933, he was permitted to return to and was accepted by the local union, and he deposited his retiring card with it, all in conformity with defendant's requirements. In November, he was suspended for nonpayment of dues. Two years later, November 1935, he was again admitted as a member and paid the required charges for readmission. He remained a member in good standing until his death on September 5, 1944, a period of eight years and ten months of continuous membership immediately before his death.

■ Here, as in the Wait case, our duty is to construe defendant's contractual obligations in the light most favorable to the beneficiary.

■ So the issue is whether plaintiff is entitled to recover only $200, admitted by defendant to be due and paid by it, or the maximum amount of $500. Plaintiff relies upon our decision in the Wait case, 210 Minn. 180, 297 N. W. 630, *supra*. There, the insured became a member of the union July 14, 1919, and continued to be such until August 1936, when he was suspended from membership because of delinquency in the payment of dues. In June 1937, he was readmitted to membership, and (210 Minn. 181-182, 297 N. W. 631) "thereafter he continued to be an active beneficiary member and a continuous contributor to the Local and International until his death on February 26, 1939." There, as in this case, defendant sought to limit its liability to $100, on the theory that insured had been a continuous contributor only from June 1937 until his death in February 1939, a period of less than two years. We held defendant's constitution (Article V, § 16) to be applicable and that that provision did not require (210 Minn. 189, 297 N.˙W. 635) "a member to be a continuous contributing member for more than 15 years immediately prior to death in order to permit recovery for the full amount."

Defendant seeks to distinguish the Wait case. Insofar as principle is concerned, there is and can be no distinction. The only difference in the facts is that here the insured applied for and was granted a "retiring card" and was later suspended for failure to pay dues. The insured was, however, later readmitted, continued to be a full beneficiary member thereafter for a period of nearly nine years, and died while such membership was in full force and effect. Therefore, on the authority of the Wait case, the requirements of continuous contributing membership for 15 years having been met, with death occurring while the insured was a member in good standing, although the 15-year continuity of membership did not immediately precede death, plaintiff was entitled to recover the maximum benefit of $500.

In reaching this conclusion, we have not overlooked the provisions of Article XVII, §§ 2, 3, 4, and 5. Thereby it seeks to bring into the insurance contract certain directions with respect to payment of dues. We have carefully read these sections, but we conclude that they do not aid defendant, for the simple reason that the insured was well within the 15-year period before taking out his retiring card; that he was later duly reinstated and as such was possessed of (Article XVII, § 5) "all the rights and privileges enjoyed prior to taking out said retiring card." Furthermore, the record discloses these stipulated facts by Mr. Schriber, speaking for defendant (p. 15, fol. 45):

"In November 1935 he [the insured] was readmitted as a union member, and he paid the required fee at that time to require admission. * * * He continued to be a member in good standing, and paid his dues regularly from that time until his death in September 1944."

The result reached by the trial court is obviously right, and its order is affirmed.

[1]Reported in 20 N. W. (2d) 697.